MORRIS SAFFER, Respondent, *v.* THE DRY DOCK, EAST BROADWAY, ETC., R. R. Co., Appellant.

*Supreme Court, First Department, General Term, May* 24, 1889.

1. *Question of fact. Negligence.*—Where the evidence is conflicting, in an action for injuries on the ground of negligence, as to the cause of the accident, it is for the jury to decide which of the conflicting theories is best recommended by the evidence to their judgment.

2. *Negligence. Contributory.*—The plaintiff is guilty of contributory negligence, if he does anything in the way of getting off the car, which helps, or contributes, to bring about the injury.

3. *Same. Right of passenger.*—Passengers are not obliged to leave a car until it has been brought to a stand, and have a right to insist upon this privilege, and thus guard and protect themselves against a class of accidents which result from endeavoring to leave the car while it is in motion.

4. *Evidence. Special damage.*—Where special damages are not alleged in the complaint, proof, against specific objection, that the plaintiff was prevented, by the disability which the accident produced, from carrying on his business, is incompetent on the trial of an action for personal injuries on the ground of negligence.

5. *Same. Speed.*—In such an action, the plaintiff has the right to resort to proof as to the rate the defendant's cars were propelled in passing curves, in order to meet the defense that its cars never passed over a curve in the manner described by him.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*John M. Scribner,* for appellant.

*Samuel Untermeyer*, for respondent.

DANIELS, J.—The verdict was recovered for the damages considered by the jury to have been sustained by the plaintiff for a personal injury on the 3d of January, 1887. He was proceeding westerly on one of the cars of the defendant, which he desired to leave at or near the corner of Greenwich and Desbrosses streets; and signalled the conductor to stop the car for that object. The conductor pulled the bell rope and the plaintiff went to the rear platform to leave the car. On his behalf it was stated by himself as a witness on the trial, that while he was standing on the step expecting the car to slack up and stop, that it increased its speed and threw him in a northerly direction from the step, where he was holding on the hand railing, and precipitated him against a wagon, or cart at the side of the street, severely injuring his head and disabling him from employment and business for several weeks after the occurrence. On the part of the defendant this statement of the case was denied. The conductor testified that the car was passing over the curve at the corner of the streets and was diminishing its speed, and that the plaintiff thereupon stepped off as the car was in motion, and the street being slippery at the place, he ran directly against the wagon, striking with his nose the reach which was standing perpendicularly. A passenger who was in the car also testified that he saw the plaintiff go down on the step and step off, when he ran along and struck the wagon that stood there. And it was for the jury to decide which of these conflicting theories was best commended by the evidence to their judgment. If the plaintiff was right, then a case in his favor had been made out; but if he had so far misstated the facts that these witnesses whose testimony was produced by the defendant, were correct in their statement, then the defendant was entitled to a verdict. In the submission of the case to the jury, the defendant's counsel requested the court to

charge, "If the jury believe that while the car was being slowed up, in order to stop in response to the plaintiff's request, the plaintiff, without waiting for the car to be stopped, stepped off the car while in motion, and thereby sustained his alleged injury, then the plaintiff was guilty of contributory negligence, and the defendant is entitled to a verdict on that ground."

The court did not charge this proposition as the law of the case, but stated to the jury, if they believed that while the car was being slowed up and being stopped, the plaintiff stepped off the car while in motion, and thereby sustained his alleged injury, the jury might take that into consideration upon the subject of the contributory negligence of the plaintiff. The defendant excepted to the refusal of the court to charge the proposition as it was in this manner requested. It was a proposition which was within the clear range, or bounds, of the evidence, and the court had enjoined the observance of no principle previously upon the jury dispensing with this direction, if it embodied a part of the law of the case. The most that has been said upon that subject was, that if the car was going around the curve at a gallop, as the plaintiff said it was, and he got off while it was going at that rate, and before it could be stopped, they would not want further evidence on the subject of contributory negligence, but they must determine on this question of contributory negligence as to whether he was or was not thrown off, or whether he got off.

If he got off while the car was in this rapid motion, then it was negligence, and if he did anything in the way of getting off the car which helped, or contributed, to bring about the injury, then there was contributory negligence on his part, and he was not entitled to recover. The part of the charge devoted to the consideration of the imputation made to the plaintiff of contributory negligence did not therefore include the legal proposition as it was presented in and by the request. For by that the cause and respon-

sibility of the accident was placed wholly upon himself. It eliminated entirely all interposition on the part of the car and of the persons in charge of it, and restricted the jury to the consideration of the single point, whether in stepping off the car while it was in motion, and thereby encountering this alleged injury, the defendant was liable for the result. It clearly would not be. For in that event the injury would result from no act, negligence or omission of the defendant. But the sole and whole cause of it would be the plaintiff's leaving the car while it was in motion, and by the impetus of his body running against the wagon standing at the side of the street. The act in this manner brought to the attention of the court would be wholly the act of the plaintiff himself, and if by stepping off the car and passing over to the side of the street after he left it, he came in contact with the wagon, and in that way sustained the injury, there is no principle whatever on which the defendant could be made legally liable for the result.

As the point was in this manner presented, if the injury was so produced, it was caused by what the plaintiff himself voluntarily did, and without anything on the part of the persons in charge of the car contributing to bring it about.

For an injury produced in this manner, the law supplies no principle by which the responsibility can be transferred from the party bringing it upon himself to another in no way responsible for its occurrence.

In Maher *v.* Central Park, etc., R. R. Co. (67 N. Y. 52), the driver directed the boy, who was injured, to get on the front platform of the car, and while he was doing that, started the car with a jerk, throwing him off, and in that manner causing the injury. Eppendorf *v.* Brooklyn City R. R. Co. (69 N. Y. 195) was quite similar in its leading circumstances to the other case. In each, the person injured was thrown off by the sudden starting of the car. That was the cause bringing about the injuries, and they

were attributable only to the drivers in the management of the cars, and not to the persons who were injured. They are entirely and easily distinguishable from this case in this leading circumstance. For here, if this proposition should be found to be true by the jury, neither the car, nor the driver, nor the conductor, in any way interposed to bring about this injury. In Solomon *v.* Manhattan R. R. Co. (31 Hun, 5), the plaintiff was injured in endeavoring to go on board a car in a train which had commenced moving from the station, and it was held he was not entitled to recover for the injury caused in this manner. This was affirmed in the court of appeals (103 N. Y. 438; 3 N. Y. State Rep. 636), where the court held the law to be " that the boarding or alighting from a train is presumably and generally a negligent act *per se*, and that in order to rebut this presumption, and justify a recovery for an injury sustained in getting on or off a moving train, it must appear that the passenger was, by the act of the defendant, put to an election between alternative dangers, or that something was done or said, or that some direction was given by the passenger, by those in charge of the train, or some situation created, which interfered, to some extent, with his free agency, and was calculated to divert his attention from the danger, and create a confidence that the attempt could be made in safety." Id. 442.

The principle may not be applicable with the same degree of force to a person leaving a car drawn by horses upon a public street; but in a modified degree, at least, it is applicable to the case of passengers attempting to leave these cars while they are still in motion upon the street. They are not obliged to leave until the vehicle has been brought to a stand.

They have a right to insist upon that, and, by availing themselves of this right, would be guarded and protected against a class of accidents which result from endeavoring to leave the car while it is in motion. The plaintiff was

engaged in business as a manufacturing dressmaker, but the complaint contained no claim for damages because of his inability to continue to carry on this business after the accident. But the plaintiff was allowed to prove, subject to the objections and exceptions of the defendant, that the evidence was irrelevant and immaterial, and directed to special damages not alleged in the complaint, that he was prevented by the disability the accident produced from carrying on the business. These objections were well taken, and it was error to allow this evidence under the form of the complaint, to be given by the plaintiff.

Objections were also taken, and have been prominently urged in support of the appeal, to evidence as to the rate of speed that the cars of the defendant were propelled at in passing around curves. This evidence, if it stood solely on the objections taken to it, would also result in setting aside the judgment, for it had no bearing whatever upon the management of this car at the time when the plaintiff left it and the accident occurred. But before this evidence was given, the defendant itself had given evidence to the effect that the cars never passed over a curve in the manner described by plaintiff, and to meet that as a part of the defendant's defense, the plaintiff had the right to resort to this proof. But, upon the other parts of the case, the defendant has a legal right to complain. And the judgment should be reversed, and a new trial ordered, with costs of the appeal to the defendant to abide the event.

VAN BRUNT, Ch. J., concurs; BRADY, J., concurs in result.