PATRICK J. BRITTON v. THE STREET RAILWAY COMPANY OF GRAND RAPIDS.

90 159
f153 ³331

*Negligence—Street railway — Injury while alighting from car — Damages.*

1. The Court know of no rule of law that forces a passenger upon a street-railway car to rush for the steps of the platform as soon as the car stops, or that forbids his giving precedence to a lady, or to others more infirm than himself.

2. Passengers upon a street-railway car have a right to assume that the car will not be started, after it has stopped to allow passengers to alight, until the driver has used reasonable care and diligence to ascertain whether any passenger is in the act of alighting, and that when the car is started it will be with reasonable care, and not in a sudden and violent manner.[1]

3. In the absence of proof in a negligence case of the value of the plaintiff's time while laid up from the injury, or how much he was capable of earning before the injury, there is no basis upon which the jury can estimate his future damages on account of the impairment of his power to earn money by reason of the injury.

Error to Kent. (Grove, J.) Argued January 13, 1892. Decided February 5, 1892.

Negligence case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*FitzGerald & Barry* (*Francis A. Stace* and *Charles*

[1] See *Finn v. Railway Co.*, 86 Mich. 74.

*Chandler*, of counsel), for appellant, contended for the doctrine of the opinion.

*Bundy & Travis,* for defendant, contended:

1. The alleged negligence on the part of the defendant, and plaintiff's care and want of negligence, were subjects of affirmative proof, and the burden never shifted, it being the duty of the plaintiff to convince the jury on both points; citing *Railroad Co. v. Judson,* 34 Mich. 506; *Railroad Co. v. Huntley,* 38 Id. 537; *Railroad Co. v. Kirkwood,* 45 Id. 51; *Brown v. Railway Co.,* 49 Id. 153; *Mitchell v. Railway Co.,* 51 Id. 236.

2. There was nothing in the circumstances to lead the driver to suppose that any one desired to alight but the two ladies, and notice to the driver, either direct or by necessary implication, is a necessary element in judging of his conduct as to his negligence or otherwise; citing *McDonald v. Railway Co.,* 32 Mo. App. 70; *Nichols v. Railroad Co.,* 106 Mass. 465.

MORSE, C. J.    This is an action for negligent injury. The jury found in favor of the defendant.

There were but two witnesses to the accident or injury. The plaintiff testified substantially that late in the afternoon of November 8, 1887, he took a car belonging to defendant on Division street, going south, at or near Oakes street, in the city of Grand Rapids, on his way home, intending to get off at Pleasant street. The car was drawn by two horses, and was what is called a "closed" or "bob-tailed" car, where passengers can only get off and on at the rear platform. There was no conductor, the fare being paid by the passengers passing up through the whole length of the car and depositing it in a cash-box. Plaintiff testifies that the car was so crowded with passengers when he got on that he could not get into the car, and passed his fare to one of the passengers, who passed it on until it reached the box. The platform was also full of passengers, and plaintiff rode standing upon it with others. At Second avenue—the street just north of Pleasant street—the bell was rung, and the car stopped on the south side of said avenue. Two ladies,

who were inside the car, came out, and alighted on the west side of the car, the plaintiff and others on the platform standing back to let them pass. While the car was still standing, the plaintiff followed the ladies down the car-step, thinking to alight then, as he was but a few feet from Pleasant street. As he was in the act of stepping from the last step of the car, having hold of the guard-rails with his hands, the driver of the car struck the horses a severe blow with his whip, starting them with a sudden jump forward, jerking plaintiff's hold loose from the guard-rails, and throwing him violently to the ground and injuring him. He saw the driver looking back through the car when he started to get off.

A witness for the defendant, one John G. Camp, testified that he was riding upon the car, and smoking upon the rear platform, at the time plaintiff was injured. Witness knew plaintiff by sight only. "Thought he was pretty full,"—meaning that plaintiff was intoxicated when witness saw him on the car. The car did not stop at Second-avenue crossing, but at the south crossing on Pleasant street, where two ladies alighted. The plaintiff got off before the ladies did, and while the car was in motion, and on the east side of the car, about 30 feet from where the car stopped. Plaintiff stepped off the car as if he was going to step down on the last step. Instead of making the last step, he went off on the ground. He was hanging on the rail with his hand, and as he stepped off it threw him around behind the car. When plaintiff stepped, witness thinks that he and plaintiff were the only persons on the rear platform. After the car stopped, he informed the driver that a man had fallen from the car.

The driver remembers nothing about the plaintiff. He

testifies that on this evening the bell rang about at Second-avenue, but he did not stop until the hind end of his car was in the Pleasant-street crossing. Saw two ladies get off there on the west side of the car. None of these witnesses knew these ladies, nor had their identity been discovered at the time of the trial. The driver further testified that a man told him that a man had fallen from the car; that he saw the man walking on the sidewalk, and another man with him.

It will be seen that the issue to go to the jury was a very simple one. If the plaintiff's story was true, the driver of the car was negligent, and the plaintiff entitled to a verdict. If Camp's story was believed by the jury, their verdict should have been for the defendant.

We are satisfied that the court not only erred in his instructions to the jury, but that the charge was also misleading in dealing with questions of law not involved in the case under either state of facts as described by plaintiff or Camp. The plaintiff's intoxication had nothing to do with the law of the case, except that, if the jury found that he was intoxicated, such fact might be used by them in determining whether his story or that of Camp was the true statement of the cause of plaintiff's fall. Plaintiff admitted that he had drank twice that day, but denied that he was at the time under the influence of liquor. The court therefore erred in charging the jury as follows:

"If the jury find that the plaintiff had at the time been drinking, and that he was under the influence of liquor, and that this fact contributed to produce the injury, he cannot recover. And if he was under the influence of liquor to any extent, so that it hindered or delayed him in getting off, and his being under the influence of liquor contributed to his injury, he cannot recover."

There was no question of his being hindered or delayed in getting off to submit to the jury.

The court also erred in instructing the jury:

"Under the plaintiff's own testimony, as he stood on the platform when he claims that the car came to a stop, it was his duty to immediately alight; and if, by reason of his failure to alight at once on the car stopping, he received the injury complained of, he was guilty himself of contributory negligence, and cannot recover in this action."

We know of no rule of law that forces a passenger upon a street-car to rush at once for the steps of the platform as soon as the car stops, or that forbids him to give precedence to a lady, or to others more infirm than he is; and all that the court said about passengers using due diligence in getting off from street-cars was misleading. The question of diligence was not involved in this case. If the plaintiff's testimony was true, he followed closely after the ladies, and the fall was not occasioned by his delay, or by the ordinary starting of the car, but by the starting of it in a sudden, violent, and negligent manner. In this view of the case, the following instructions were also erroneous:

"In this case there is no evidence tending to show that the driver knew that the plaintiff desired to alight from the car, and if in fact the car stopped a reasonable length of time for all passengers desiring to alight to do so, and plaintiff delayed alighting beyond the period allowed therefor, and the driver was ignorant of the plaintiff's desire to alight when he did, and such delay contributed to plaintiff's injury, he cannot recover."

The passengers upon a street-car have the right to assume that the car will not be started, after it has stopped to let off passengers, without the driver first using reasonable care and diligence to ascertain whether

any passenger is in the act of alighting; and also that when the car is started it will be with reasonable care, and not in a sudden and violent manner.

The following charge was also misleading:

"In this case, if you find the fact to be from the evidence that it was the custom of the cars to stop only at the further crossing,—you will determine that question, and if you so find it,—I charge you that this was a reasonable regulation on the part of the street-railway company, and, if the injury to the plaintiff resulted from his failure to observe such regulation, he cannot recover in this action."

The fact whether this was or was not a reasonable regulation had no bearing upon the case whatever under the facts as claimed by either side. This portion of the charge was also misleading:

"If in this case the injury to the plaintiff resulted while the driver of the car was conducting his business in the usual and ordinary way, the plaintiff cannot recover."

If the driver's usual and ordinary way of doing business was to start his horses suddenly and violently with a whip, while passengers were in the act of alighting, the instruction was not good law; and we fail to see its applicability to the facts of the case in any event.

As there was no proof of the value of plaintiff's time while he was laid up from this injury, or how much he was capable of earning before the injury, we think the court was not wrong in holding that there was no basis upon which the jury could estimate his damages in the future for the impairment of his power to earn money by reason of his injury.

We also find no error in the admission or rejection of testimony.

For the errors in the charge of the court the judg-

ment below is reversed, and a new trial granted, with costs of this Court to plaintiff.

McGrath and Long, JJ., concurred. Grant and Montgomery, JJ., did not sit.