1. PERSONAL INJURIES—DAMAGES—UNSKILLFUL TREATMENT BY PHYSICIAN—EVIDENCE.

In an action for personal injuries, evidence that the plaintiff did not receive proper medical treatment is immaterial, unless it is also shown that he did not use reasonable care in the selection of a physician.

2. SAME.

Evidence that a physician had practiced for 18 years, and was a graduate of the Michigan University, is *prima facie* proof of the exercise of due care on the part of the person employing him.

Error to Wayne; Carpenter, J. Submitted January 7, 1896. Decided January 28, 1896.

Case by Anne Reed against the city of Detroit for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*John J. Speed*, for appellant.

*James H. Pound*, for appellee.

HOOKER, J. The plaintiff was injured by stepping into a defective culvert, for which she recovered a judgment against the city. The record shows but two questions: (1) Whether the denial of a motion to continue by reason of the absence of a material witness was error; (2) whether certain testimony was admissible, court and counsel having treated the matter as an offer of testimony, which was excluded.

The first question need not be discussed, for the reason that, if there was no error in excluding the offered testimony, the defendant suffered no injury from the denial of the motion. It was proposed to show that—

"Dr. H. O. Walker had been sworn on the former trial, and then testified that he had made a personal examination of the plaintiff; and that, if permitted to do so, defendant desired and intended to prove by him on this trial that the treatment plaintiff had received was insufficient and improper, and if she had been treated properly, and the treatment continued, she would then be in a much better condition than she then was; that the proper medical treatment would probably have alleviated or prevented some of the difficulty under which she suffers; that there was some adhesion in the joint, which would have been prevented by proper surgical treatment; that Dr. Walker was a surgeon, practicing in Detroit."

It was competent to show that the injury was aggravated or increased by want of proper treatment, provided it was also shown that it was due to the willfulness or negligence of the plaintiff; but, where a person sustains personal injury through the negligence of another, he is not to be deprived of his full damages because of the failure of his surgeon to administer the best remedies or treatment. There is no obligation to employ the best medical or surgical skill. *Collins* v. *City of Council Bluffs*, 32 Iowa, 324 (7 Am. Rep. 200). It is sufficient if one employs a physician believed to be competent, and reasonable care is used in the selection. *City of Crete* v. *Childs*, 11 Neb. 252. In *Rice* v. *City of Des Moines*, 40 Iowa, 644, it was held that, if reasonable care is used in the selection of the physician, and his employment is not unreasonably deferred, the damages will not be diminished because the most skillful is not employed.

In *Stover* v. *Inhabitants of Bluehill*, 51 Me. 441, this subject is dicussed at length. It was there said:

"They employed a competent surgeon. This was all they, unprofessional persons, could do. The necessity to do this was imposed upon them, not by their own fault, but by the fault of the defendants. If they had neglected to procure the services of a competent surgeon, having the ability to do so, or employed an incompetent one, whereby the injury had been aggravated, it is clear that

they could not recover damages for the injury thus increased. The law does not permit a party thus to take advantage of his own negligence or misconduct. Yet, upon the theory of the party excepting, the same legal consequences result to them from their diligence as from their negligence,—from their discharge, as from their neglect, of a duty imposed by law,—if the surgeon employed, however competent, happens to increase the injury by unskillful treatment. It is difficult to discover the soundness of that principle which requires a party injured, without fault on his part, to insure, not only the surgeon's professional skill, but also his immunity from accident, mistake, or error in judgment, and which precludes such party from recovering of the original wrongdoer damages arising from no fault on his part, and from causes beyond his power to control. On the contrary, there seems to be good reason for holding the party originally in fault responsible for the damages resulting to the innocent party under such circumstances. Indeed, the liability of a competent surgeon to mistake, accident, or error in judgment, as well as that of the party complaining to an increase of his injuries from other causes beyond his control, are among 'the mischievous consequences,' referred to in *Rigby* v. *Hewitt*, 5 Exch. 240, 'that may reasonably be expected to result under ordinary circumstances from the defendants' misconduct,' and for which they are responsible. The unskillful treatment of a surgeon, itself, if any there was, arose as a consequence of the original fault of the defendants. In the present imperfect state of medical science, and amidst the conflicting theories of medical men, as well as the uncertain reliance to be placed upon the different modes of treating injuries and diseases, it would not be difficult to make it doubtful, in a given case, if the professional treatment might not have been improved, or was unskillful; and thus a way of escape might be prepared for wrong-doers from the legitimate and legal consequences of their negligence or misconduct. The principle, therefore, of holding the defendants responsible, is founded in sound reasons of public policy."

In *Rice* v. *City of Des Moines*, *supra*, it was further held that the plaintiff was bound only to employ a person of such reputed skill and reputation as persons of reasonable care and prudence were accustomed to employ in

such cases. In *Bardwell* v. *Town of Jamaica*, 15 Vt. 438, it is said that, when the primary cause of the damage is the fault of the defendant, the plaintiff recovers the whole damage resulting, unless it is increased by his own negligence or misconduct.

On the other hand, it is the law that a plaintiff should not be allowed increased damages where such increase is ascribable to his own want of reasonable care. *Allender* v. *Railroad Co.*, 37 Iowa, 264; *Smith* v. *Baker*, 22 Blatchf. 240. The evidence showed that a physician and surgeon of 18 years' practice, and a graduate of the University of Michigan, was called and treated the plaintiff, which was *prima facie* proof, at least, of reasonable diligence and care in the selection of a surgeon, although, in answer to counsel for defendant, he said that he did not make such cases a specialty. Unless, therefore, the testimony offered would have tended to show the contrary, or was accompanied by an offer to show negligence of the plaintiff, its exclusion was not injurious to the defendant. We discover nothing in the testimony offered that would have had such tendency, and the judgment must therefore be affirmed.

The other Justices concurred.