[L. A. No. 969.   Department Two.—December 21, 1901.]

## ALEXANDER CAMPBELL, Appellant, v. LOS ANGELES RAILWAY COMPANY, Respondent.

NEGLIGENCE—STOPPAGE OF ELECTRIC CAR—CONTRIBUTORY NEGLIGENCE—
STEPPING OFF CAR IN MOTION—DISREGARD OF WARNING.—In an ac-
tion for damages for negligence of an electric railway company, in
failing to stop the car at a street-crossing when requested, where
it appears that the motorman did not hear the first request, but,
upon a second request, quickly and promptly stopped the car a
short distance beyond the crossing, in a safe place, and warned the
plaintiff not to get off until the car stopped, and that the plaintiff's
injury was owing wholly to his stepping off from the car while it
was still in motion, no breach or omission of legal duty appears
on the part of the defendant, and the plaintiff was guilty of negli-
gence *per se,* which justified findings and judgment against him.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.   M.
T. Allen, Judge.

The facts are stated in the opinion.

Charles Silent, George J. Denis, Stephen M. White, Cole
& Cole, and Anderson & Anderson, for Appellant.

Bicknell, Gibson & Trask, for Respondent.

COOPER, C.—Action to recover damages for personal
injuries.   The case was tried before the court, without a jury,
and judgment entered for defendant.   Plaintiff brings this
appeal from the judgment and order denying his motion for a
new trial.

There is no controversy about the facts, which are sub-
stantially as follows: At about 11 o'clock, on the night
of March 4, 1899, the plaintiff entered one of defendant's
street-cars at Second Street, in the city of Los Angeles, and
paid the regular fare.   It was an electric car, having an open
dummy at each end, which was provided with two seats for
passengers, four feet long, running parallel with the car
on each side of the part of the car called the "dummy," and
facing outward.   The place occupied by the motorman was

between these two seats. The plaintiff took a seat near the front of the dummy, to the left of the motorman and near him, and desired to be let off the car at Sixth Street. The car was going at the rate of about ten miles an hour. Plaintiff testified that shortly after the car passed Fifth Street he twice told the motorman to stop at Sixth Street; that the motorman did not make any sign, motion, or reply, and took no notice of plaintiff's request to stop. The motorman testified that he did not hear plaintiff request him to stop the car until while crossing Sixth Street, when plaintiff touched his left arm and said, "Stop at Sixth Street." Plaintiff testified that as the car was crossing, or partly across, Sixth Street he said to the motorman, "Why the devil don't you stop at Sixth Street?" Thereupon the motorman immediately proceeded to slow up, and, while doing so, told plaintiff not to get off till the car stopped. The plaintiff, when the car had almost stopped, stepped off the car before it had come to a full stop, and in doing so fell and broke his right hip, severely injuring himself. Plaintiff testified: "I occasionally stepped off the car while the car was in motion, and stepped off once in the night a short time before this. I stepped off the car occasionally, and up to the time of this accident would occasionally do so in the daytime, but latterly I was very cautious about it. But at night I would not get off the car before it had stopped, for the reason that I had met with what you allude to. I had attempted to get off one night when the car was in motion, and the result of it was that I fell and shook myself up, just as I thought I was shaken up on this night; but it gave me a lesson, and never after would I get off these cars at night when they were in motion, if I knew it." The place where the car was stopped was about one hundred and fifty feet beyond Sixth Street, and was as safe a place as the crossing at Sixth Street.

The court found "that plaintiff's injury was due wholly to his stepping off the car while it was still in motion, and such injury was not occasioned by the negligence of defendant." In appellant's brief it is said: "We admit that it is mechanically true that the plaintiff fell because the car was in motion; that he would not have fallen had the car been at a standstill, and that defendant was not negligent in having the car in motion at the moment when plaintiff fell."

We think the plaintiff is not entitled to recover on the above facts. The defendant did not commit any breach or omission of legal duty. (*Donovan* v. *Ferris,* 128 Cal. 54.[1]) The motorman quickly and promptly stopped the car when last requested by plaintiff. It was stopped in a safe place. Plaintiff was warned not to get off until it had stopped. It is difficult to imagine what greater care could have been exercised by defendant.

It is said in Booth on Street Railway Law (sec. 337): "But it has been held to be negligence *per se,* which justifies a non-suit, to step off the car while it is being slowed up, in order to stop in response to a passenger's request, or when incumbered by a load or bundle."

In a late case before the supreme court of New York (*Saffer* v. *Dry Dock etc. R. Co.,* 24 N. Y. St. Rep. 210; 5 N. Y. Supp. 701), the defendant had requested the lower court to give the following instruction, which was refused: "If the jury believe that, while the car was being slowed up, in order to stop in response to the plaintiff's request, the plaintiff, without waiting for the car to be stopped, stepped off the car while in motion, and thereby sustained his alleged injury, then the plaintiff was guilty of contributory negligence, and the defendant is entitled to a verdict on that ground." The court held that it stated the law correctly, and should have been given. In the opinion it is said: "If he got off while the car was in this rapid motion, then it was negligence, and if he did anything in the way of getting off the car which helped or contributed to bring about the injury, then there was contributory negligence on his part, and he was not entitled to recover."

It is said in Schouler on Bailments and Carriers (3d ed., sec. 662): "Thus a railway passenger is not justified in jumping from the train while it is in motion, even though the carrier was negligent, whether in carrying him past the station or in starting before he had due opportunity to land."

In *Craven* v. *Central Pac. R. R. Co.,* 72 Cal. 347, this court said: "Did the plaintiff, *at the very time of the accident,* negligently jump off the train, while it was moving, and thus cause or contribute to the injury? If she did not, then the

---

[1] 79 Am. St. Rep. 25.

verdict should have been for plaintiff. If she did, then there can be no doubt that her negligence contributed *proximately* to the injury. It was the very thing which, then and there, directly and immediately caused it.'' (See, also, *Hagan* v. *Philadelphia etc. Co.*, 15 Phila. 278; *Nichols* v. *Sixth Avenue R. R. Co.*, 38 N. Y. 133;[1] *McDonald* v. *Montgomery St. Ry.*, 20 South. Rep. 317.)

The rule would apply with greater reason in this case, because plaintiff testified that the motorman said to him, ''Don't get off until the car stops.''

It is urged by appellant that the motorman was told to stop before he reached Sixth Street, and that it was negligence in the defendant for him not to do so. The evidence shows that the motorman did not hear the request; but conceding that he did, it would not change the result. If the motorman was negligent in not stopping the car when first requested, he did finally stop it in a careful manner, and with due caution to plaintiff. Because the motorman did not stop the car when first requested furnishes no excuse for plaintiff getting off while it was in motion.

There might be cases in which, by reason of a condition brought about by the negligence of the carrier, where great danger is apparent, or where the passenger is told by the person in charge of the car to jump off, or other peculiar circumstances, it would not be negligence in a passenger to alight from a car while the car was moving, but the facts of this case do not take it out of the general rule.

The judgment and order should be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.

---

[1] 97 Am. Dec. 780.