PENNSYLVANIA CO. v. SCOFIELD.

(Circuit Court of Appeals, Sixth Circuit. April 17, 1903.)

No. 1,140.

1. CARRIERS—EXPULSION OF PASSENGER—LOSS OF TIME—DAMAGE—EVIDENCE.
    Proof, in a passenger's action for wrongful expulsion from a train, that he was a lawyer of prominence, that his time was of value, and that he lost one day, there being no proof as to what the value of his time was, is insufficient to warrant permitting the jury to award damages for loss of time.

---

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1485.

**2. SAME—EXPENSE OF LITIGATION.**

    There being no testimony showing that plaintiff had incurred any expense, or how much time he had spent, in the litigation, it was error to allow the jury to award compensation therefor.

**3. SAME—DISPLAY OF FORCE.**

    Evidence that the conductor, in the presence of other passengers, compelled plaintiff to leave the train, and took him by the shoulder to remove him, was sufficient to permit an award of damages in view of plaintiff's having been compelled "by superior force, or threat of superior force," to comply with the conductor's order.

**4. SAME—LAW OF THE CASE—ARGUMENT DISREGARDING—INSTRUCTIONS.**

    Where, on a former appeal, the court decided that it was not contributory negligence for an expelled passenger to have omitted paying his fare, and in argument at a retrial counsel urged such claim of contributory negligence, it was proper for the court to say: "It has been argued before you, and for that reason I allude to it, that the plaintiff was guilty of contributory negligence in omitting to pay his fare. I say that is not the law."

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Before LURTON and SEVERENS, Circuit Judges, and COCHRAN, District Judge.

SEVERENS, Circuit Judge. This case is now here for the second time. On the former occasion the judgment was reversed, and the cause remanded for a new trial. 112 Fed. 855, 50 C. C. A. 553, 56 L. R. A. 224. For a statement of the case and the matters determined, reference may be had to our former opinion, there reported. The action was for the wrongful expulsion of the plaintiff from the railway car of the defendant, the Pennsylvania Company, in which the plaintiff had taken passage over that part of the company's road running from Pittsburg, Pa., to Crestline, Ohio. The action was retried before the court and a jury, and the result was a verdict and judgment for the plaintiff for the sum of $1,125. Certain rulings of the court during the trial, relating principally to the measure of damages, were excepted to, and errors are assigned thereon.

    1. The plaintiff sought to recover, among other things, for his loss of time, which was one day, occasioned by his being put off the train. Evidence was given that he was a lawyer of prominence, and that his time was of value. But no evidence was given as to the extent of its value or his earnings at that time by the day, year, or for any period, or any other data other than as above stated, from which the value of his time could be estimated. Upon this subject the court charged the jury that in inquiring into the damages they might (to use the language employed) "consider what would be a fair compensation for one day's time of the plaintiff, taking into consideration that he was a lawyer, having such a practice as you may find he had from the testimony—such general practice. You may assume from the evidence that the plaintiff—it is shown by the plaintiff, and undisputed, that he was a lawyer of some prominence—that his time was of some value." The defendant excepted to this instruction upon the ground that there was no testimony offered by the plaintiff as

to the damages sustained by him on account of the loss of one day's time.

We think the jury ought not to have been allowed to award damages to the plaintiff for the loss of time without some evidence to assist or guide them in estimating the value of it, showing either what was his income from his profession, or what a lawyer of his capacity and standing might reasonably be expected to earn. It is quite true the jury would not be bound to follow in the very footsteps of witnesses upon this subject, and might correct the evidence by their own judgment in reaching a conclusion. It was so held in Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028. Juries generally have this right, and there is nothing peculiar in a case like this. But that is quite a different thing from leaving the jury without any guide whatever to enter a field of inquiry where approximation, at least, is necessary to any just result. The consequence of such a course would leave the jury without any restraint by the court, or any means for correcting any extravagance they might fall into.

From the necessity of the case, there are certain elements of damage the extent of which cannot be measured by proof, such as pain of mind or body. But such things are recognized as grounds for recovery in damages, and all that can be done is to prove the facts, and leave the jury to fix the sum they will award by the exercise of a sound discretion. It is a rude way of administering justice, but it is deemed better to pursue it than to afford no remedy at all. But there is no such necessity when the damages are susceptible of proof, and it is contrary to right reason and sound policy to extend the practice in the former cases to those where the necessity for it does not exist. And we think this view is in accord with the decided weight of authority. Leeds v. Metropolitan Gas Light Co., 90 N. Y. 26; Britton v. Street R. Co. of Grand Rapids, 90 Mich. 164, 51 N. W. 276; Winter v. Central Iowa R. Co., 74 Iowa, 448, 38 N. W. 154; International, etc., R. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47; 5 Encycl. of Pl. & Pr., 780, 781, where many like cases are cited.

There are some cases which seem to countenance the view that the jury should be deemed to be competent to form their own opinion upon a question of value in matters of common knowledge; and that, if they are allowed to act upon it in the end, and are not bound by the testimony of witnesses, it should not be indispensable that the jury should have such testimony. But we think the law and the practice has been settled the other way, and upon the better reasons.

2. It is also assigned as error that the court charged the jury, in respect to the matter of damages, as follows: "You may also, in making up a verdict for the plaintiff, if you come to that point in my instructions, consider what is a fair and reasonable amount to be awarded as compensation for time and expense in the litigation that procures a recovery;" the plaintiff having offered no testimony to show that he had incurred any expense, or how much time he had spent in the litigation. It was not questioned that such damages are recoverable, but only that there was no proof by which to measure them. For the reasons already stated in determining a like question, we think there was error in permitting the jury to award

such damages without proof of the expenses incurred, and the length and value of the time spent in the litigation.

3. There was evidence tending to show that on the occasion in question the conductor, in the presence of other passengers, compelled the plaintiff to leave the train, notwithstanding his refusal, and took him by the shoulder to remove him from his seat and out of the car. The plaintiff claimed that the indignity thus put upon him was a fact which the jury should take into account in fixing the amount of damages; and in reference to that subject, the court charged the jury as follows:

"In awarding these damages, you are to consider the time, place, and surroundings of the circumstances complained of by the plaintiff; that it was public; that he was in assertion of a right; that he was denied that right in public against his protest, and by superior force, or the threat of superior force, made to do otherwise than he esteemed it to be his right to do. When I say 'threatened by superior force,' I do not mean a force that the conductor alone might have exerted, but the use of some force under circumstances that made such force sufficient."

The objection which counsel for plaintiff in error raises to this instruction is that there was no such display of force in expelling the plaintiff as to justify an allowance of damages therefor. But it is clear that there was sufficient evidence to present the question of fact for the jury as to whether the conductor ejected the plaintiff with or without a display of force or indignity toward him. There is no substantial objection to the charge, and the assignment of error thereon is overruled.

4. Another alleged error is assigned upon the charge of the judge to the jury wherein he said:

"It has been argued before you, and for that reason I allude to it, that the plaintiff was guilty of contributory negligence in omitting to pay his fare. I say that is not the law."

In this the judge was governed by the judgment of this court announced upon the former hearing, and properly directed the jury in accordance therewith. It would seem that the counsel sought to maintain before the jury a proposition which had been disaffirmed by this court on the former writ of error. The assignment of error here is supported by an argument which failed to convince us on the former occasion, and it cannot be listened to now. This assignment of error is overruled.

For the errors found and noted above in permitting the recovery of damages without proof of the amount thereof, the judgment must be reversed, and a new trial ordered.