[L. A. No. 1373.    Department One.—July 3, 1905.]

## ANNIE JOYCE, Appellant, v. LOS ANGELES RAILWAY COMPANY, Respondent.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—ALIGHTING FROM CAR WHILE IN MOTION—SUPPORT OF VERDICT—INSTRUCTIONS.—In an action to recover damages for injuries sustained by plaintiff through the alleged negligence of a street-railway company in consequence of the sudden starting of the car while she was alighting therefrom, where the preponderance of the evidence shows, and the jury found, that the injury was caused by her own negligence in attempting to alight from the car while in motion, the verdict for the defendant

is supported; and where there was no error of law and the instructions as a whole fairly presented the case to the jury upon the evidence adduced at the trial, and fully guarded the rights of the plaintiff, the court was justified in denying plaintiff's motion for a new trial.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Win Wylie, and Waters & Wylie, for Appellant.

Bicknell, Gibson & Trask, for Respondent.

VAN DYKE, J.—The action is to recover damages for personal injuries alleged to have been sustained by the plaintiff in alighting from a car of the defendant company, in consequence of the sudden starting of the car when in such act of alighting therefrom. The case was tried before a jury, and upon a verdict in favor of the defendant judgment was rendered accordingly. The appeal is taken from the order denying plaintiff's motion for a new trial.

The appellant urges two points on the appeal, to wit: 1. That the evidence is insufficient to justify the verdict; and 2. Error in modifying certain instructions asked by the plaintiff, and in giving certain instructions asked by the defendant.

The testimony shows that the car upon which plaintiff was riding left Main Street in Los Angeles on its journey to the easterly boundary of the city on First Street, and that it stopped at the westerly line of Alameda Street; and plaintiff claims that while she was making her exit therefrom, and in the act of stepping from the steps of the car to the street, the employee operating the car, without warning, and knowing her dangerous position, caused the car to be suddenly jerked, thereby throwing her from the step to the ground.

1. The evidence on the part of the defendant shows that the plaintiff asked the conductor to stop at Hewitt Street, and he told her that he would; thereafter, when the car reached Vine Street a lady passenger alighted from the car, and the plaintiff asked the conductor, "Is this Hewitt Street?" and he replied, "No, it is three blocks further."

The next crossing going easterly is Alameda Street, on which the Southern Pacific Company operates its steam railroad. It is the custom before crossing the steam railroad track for the conductor to go forward and ascertain whether the car can safely cross, and in obedience to this custom· the conductor of this car, when it approached the west line of Alameda Street, left the car and went forward to ascertain whether any trains were approaching the crossing of First and Alameda streets. He left on the right side of the car and went forward, and, finding it safe to proceed, looked back to see whether there was any one in the act of alighting from the car, and gave the motorman the signal to go ahead, whereupon the motorman rang the bell and started the car. Thereafter, while the car was in motion, the plaintiff, without any notice to or knowledge of either the conductor or the motorman that she intended to leave said car at that point, alighted therefrom on the left-hand side, and in consequence thereof was injured. It further appears from the evidence that before she attempted to alight she was warned by one of the passengers not to do so. He testifies: ''I thought maybe she was going to get off before the car stopped, and I said to her, 'Wait a minute'; the car was in motion, and she did n't pay any attention to me, but got off; I stayed on the car; the conductor went back to assist her in getting up.'' It also appears from the evidence that her intended destination was Hewitt Street, a distance of two blocks east of Alameda Street. She, however, gives as an excuse for alighting at Alameda Street that she had concluded to walk the remainder of the distance, although it was some eight o'clock in the evening at the time of the accident.

Without going further into the particulars in reference to the testimony given, it is sufficient to say that, so far from the evidence failing to support the verdict, as contended by the appellant, it appears that the defendant's version as to how the accident occurred, is supported by a preponderance of the evidence.

2. It is contended on the part of the appellant that the court erred in modifying instruction No. 5 requested by the plaintiff. Plaintiff's instruction No. 5, as modified by the court, is as follows, the insertions being indicated by the portions in parentheses:—

"If the jury find from the evidence that the plaintiff arose from her seat and stepped down onto the step with intent of alighting while the car was standing still (and that such act was observed by the motorman or conductor) such act was a sufficient notice to the employees in charge of said car of her desire to alight therefrom, and if the jury (further) believe that while she was in the act of alighting, the car was suddenly started through the negligent act of the employee in charge of said car, (and) the plaintiff was thereby thrown to the ground and injured, she is entitled to recover."

In plaintiff's instruction No. 6, as modified by the court, the insertions also appear in parentheses, while the omitted portions are indicated by underscoring, as follows:—

"If the jury believe from the evidence that the car came to a stop and that while it was standing still the plaintiff stepped down onto the step of the car with the intent of alighting therefrom, and that while on said step, the car moved suddenly forward in consequence of the negligent act of the conductor or motorman and she was thereby thrown off and injured, and if they further believe that (the conduct of) the plaintiff *did* under the circumstances *what an ordinarily prudent woman would have done,* (was that of an ordinarily prudent person) then she was not guilty of contributory negligence and would be entitled to recover."

Instructions Nos. 1, 2, and 3, requested by the plaintiff and given by the court are as follows:—

(1) "If the jury believe from the evidence that the plaintiff exercised ordinary care and that the defendant failed to exercise the utmost care and diligence of a very cautious person and that by reason of the failure to exercise such utmost care and diligence of a very cautious person, the plaintiff was injured, then the plaintiff would be entitled to recover."

(2) "If the jury believe from the evidence that the plaintiff was a passenger and had paid her fare on the car in question, and that she exercised that degree of care which a person of ordinary care and prudence would have exercised under the circumstances and that the defendant failed to exercise the utmost care and diligence of a very cautious person and that by reason of the failure to exercise such utmost care and diligence of a very cautious person, plain-

tiff was injured, then the plaintiff would be entitled to recover.''

(3) ''If the jury find from the evidence that the plaintiff was a passenger and had paid her fare on the car in question, and that while the car was standing still, she arose from her seat and stepped down onto the step with a view of leaving the car, and while in the act of alighting the defendant's servants caused the car to start forward with a jerk which caused her to fall whereby she was injured, she has established a *prima facie* case of negligence in the management of the car and the burden of proof which primarily rested on her was uplifted, and the burden of disproof thrown upon the defendant.''

No. 4 is in reference to the measure of damages in case a verdict should be rendered for the plaintiff.

The appellant also contends that the court erred in giving the first instruction requested by the defendant, to wit:—

(1) ''The court instructs the jury that to entitle the plaintiff to recover in this action, it must appear from the evidence that the injuries sustained by the plaintiff were occasioned by the carelessness or negligence on the part of defendant, or its servants or employees, as charged in the complaint, and were not the result of the plaintiff's own fault; and if you believe from the evidence that the plaintiff was injured in consequence of her voluntary alighting from the car of defendant, at the time of the accident, when it was in motion, then your verdict should be for defendant.''

Also, in giving the second instruction, as modified by the court, the modification appearing by underscoring, as follows:—

(2) ''No presumption of negligence on the part of defendant's employees arises from the fact that the plaintiff was injured by alighting from the car of the defendant, *if you find that she did so alight, voluntarily, while the car was in motion.*''

We think the instructions as a whole fairly presented the case to the jury upon the evidence introduced at the trial, and fully guarded the rights of the plaintiff and appellant. The preponderance of the evidence shows, and the jury evidently so found, that the injury to the plaintiff was caused by her own negligence in attempting to alight from the car

while it was in motion, and this being so, she could not properly recover.

In *Campbell* v. *Los Angeles Ry. Co.*, 135 Cal. 137, [67 Pac. 50], it is said: "The court found 'that plaintiff's injury was due wholly to his stepping off the car while it was still in motion, and such injury was not occasioned by the negligence of defendant.' . . . We think the plaintiff is not entitled to recover on the above facts. The defendant did not commit any breach or omission of legal duty. (*Donovan* v. *Ferris*, 128 Cal. 54, [78 Am. St. Rep. 25, 60 Pac. 519].) The motorman quickly and promptly stopped the car when last requested by plaintiff. It was stopped in a safe place. Plaintiff was warned not to get off until it had stopped. It is difficult to imagine what greater care could have been exercised by defendant." It is said in Booth on Street Railway Law (sec. 337): "But it has been held to be negligence *per se,* which justifies a nonsuit, to step off the car while it is being slowed up, in order to stop in response to a passenger's request, or when encumbered by a load or bundle." In a late case before the supreme court of New York (*Saffer* v. *Dry Dock etc. R. Co.*, 24 N. Y. St. 210, 5 N. Y. Supp. 701), the defendant had requested the lower court to give the following instruction, which was refused: "If the jury believe that, while the car was being slowed up, in order to stop in response to the plaintiff's request, the plaintiff, without waiting for the car to be stopped, stepped off the car while in motion, and thereby sustained his alleged injury, then the plaintiff was guilty of contributory negligence, and the defendant is entitled to a verdict on that ground." The court on the appeal held that the instruction stated the law correctly and should have been given. In the opinion of the court it is said: "If he got off while the car was in this rapid motion, then it was negligence, and if he did anything in the way of getting off the car which helped or contributed to bring about the injury, then there was contributory negligence on his part, and he was not entitled to recover."

It is said in Schouler on Bailments and Carriers (3d ed., sec. 662): "Thus a railway passenger is not justified in jumping from the train while it is in motion, even though the carrier was negligent, whether in carrying him past the

station or in starting before he had due opportunity to land.''

In *Craven* v. *Central Pacific R. R. Co.*, 72 Cal. 347, [13 Pac. 878], this court said: ''Did the plaintiff, *at the very time of the accident*, negligently jump off the train, while it was moving, and thus cause or contribute to the injury? If she did not, then the verdict should have been for plaintiff. If she did, then there can be no doubt that her negligence contributed *proximately* to the injury. It was the very thing which, then and there, directly and immediately caused it.''

Under the circumstances the court below was justified in denying plaintiff's motion for a new trial.

Order appealed from affirmed.

Angellotti, J., and Shaw, J., concurred.