[L. A. No. 4114. Department One.—January 9, 1918.]

## MARY S. POAK, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

NEGLIGENCE—INJURY TO PASSENGER OF STREET RAILWAY—NEGLIGENT STARTING OF CAR—IMMATERIAL VARIANCE.—In an action for damages for personal injuries sustained by a passenger on a street-car, where the complaint alleged that she was thrown from the car by the negligent starting thereof while she was on the steps in the act of alighting, but the proof and findings were that after the car had stopped it was negligently started, before she had time to reach the steps, but the movement was so gradual and the street so dark, that believing the car to be at rest she attempted to leave the car, and was thrown to the pavement, there was no such variance as could have misled the defendant to its prejudice or as would justify a reversal of a judgment for the plaintiff.

ID.—FINDING OF NEGLIGENCE SUSTAINED—DUTY TO PASSENGER.—It being the duty of a conductor to take reasonable care to see whether any passenger was preparing to alight before starting a car, a finding, in such action, that the conductor did not look toward the rear of the car before giving the signal to start and that he would have seen the plaintiff moving toward the exit if he had looked, justifies the conclusion of the court that the starting of the car was an act of negligence.

ID.—LACK OF CONTRIBUTORY NEGLIGENCE — ATTEMPTING TO ALIGHT FROM STREET-CAR.—While it is ordinarily negligence *per se* to attempt to alight from a moving car, yet where the plaintiff was

advanced in years, her hearing not of the best, her sight slightly impaired, and the movement of the car so gradual that she did not know it was in motion, the question whether she had been guilty of negligence in attempting to alight was one of fact for the trial court, and the finding in her favor could not be held to be without support.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Frank Kerr, R. C. Gortner, and A. W. Ashburn, Jr., for Appellant.

Foster C. Wright, for Respondent.

SLOSS, J.—Action against a street railway company to recover damages for personal injuries. A jury was waived, and the court gave judgment in favor of the plaintiff for one thousand dollars and costs. The defendant appeals from the judgment, and from an order denying its motion for a new trial.

The allegations of the complaint, with respect to negligence, are that while plaintiff, a passenger on one of defendant's cars, was in the act of alighting, the car was started without warning or notice to her, throwing her upon the pavement of the street.

The findings are not in exact accord with these averments. In substance, the court found that the car had stopped at a street crossing, which was plaintiff's destination; that while the car was slowing down to make the stop, the plaintiff arose from her seat in the inclosed or center part of the car, and walked toward the rear platform, from which steps led to the ground. The conductor who was at the front of the car did not look back, and did not see the plaintiff was going out, although there was nothing to obstruct his view in her direction. He gave the starting signal, and the car started, while plaintiff was still a few feet from the exit steps. The motion of the car was gradual and even, "and was not evident to plaintiff's senses." It was dark, and the street pavement was such that it did not "afford easy suggestion, by inspection, of movement above or past it." Believing that the car was at

rest, the plaintiff stepped from it after it hàd run about seventy-five feet, and was thrown violently to the street.

We think, however, that there was no such variance between the facts alleged and those found as would justify a reversal of the judgment. The allegation of the complaint was that the car was negligently started while plaintiff was on the steps, and that she was thereby thrown from the car. The finding was that the car had already started before plaintiff had reached the steps, and that she was thrown to the pavement in consequence of her endeavoring to alight from the moving car, which she thought to be stationary. But the essential act of negligence was the same under either state of facts. Whether we take the theory of the complaint or that of the findings, the fault of the conductor lay in starting the car after it had been brought to a stop, and before the passenger had time to alight, as she desired to do. Whatever may have been the precise position of the plaintiff at the moment the car started, she was attempting to leave the car, and was acting in the belief that the car was and would be kept at rest. The case is not like those in which it has been held that a plaintiff who relies, in his pleading, upon the negligent starting of a car while he is attempting to alight or get on, cannot recover upon proof of an attempt to alight from or board a moving car. (*Chicago City Ry. Co.* v. *Gates,* 135 Ill. App. 180; *Peterson* v. *Metropolitan St. Ry. Co.,* 211 Mo. 498, [111 S. W. 37]; *Patterson* v. *Westchester Elec. Ry. Co.,* 26 App. Div. 336, [49 N. Y. Supp. 796].) In the cases cited it did not appear, as it does here, that the person injured had acted in the belief, reasonable under the circumstances, that the car was at rest. There was, therefore, no ground for claiming that the injuries were due to the negligent starting of the car, which was the sole act of negligence alleged. But in the present case, although the car was moving when plaintiff left it, the negligent act upon which the court based its conclusion was still the improper starting of the car, and this, as we have pointed out, was the very breach of duty asserted in the complaint.

It is quite plain, from a reading of the record, that the discrepancy between the pleading and the proof could not have misled the defendant to its prejudice. Under these circumstances, we would be required, under section 469 of the Code of Civil Procedure, to treat the variance as immaterial, with-

out the necessity, even, of resorting to the liberal provision of section 4½ of article VI of the constitution.

The contention that the court erred in holding the starting of the car to be an act of negligence is without merit. It was found that the conductor did not look toward the rear of the car before giving the starting signal, and, in effect, that he could and would have seen plaintiff moving toward the exit if he had so looked. Clearly it was his duty to take reasonable care to see whether any passenger was preparing to alight before giving the signal to start the car. (*Leavenworth Elec. R. Co.* v. *Cusick,* 60 Kan. 590, [72 Am. St. Rep. 374, 57 Pac. 519]; *Memphis St. Ry. Co.* v. *Shaw,* 110 Tenn. 467, [75 S. W. 713]; *Birmingham Union Ry. Co.* v. *Smith,* 90 Ala. 60, [24 Am. St. Rep. 761, 8 South. 86]; *Britton* v. *Street Ry. Co. of Grand Rapids,* 90 Mich. 159, [51 N. W. 276]; Booth on Street Railways, 2d ed., sec. 349.)

Nor can it be said that plaintiff was, as matter of law, guilty of contributory negligence. While it is, ordinarily, negligence *per se* for a passenger to attempt to alight from a moving car (*Joyce* v. *Los Angeles Ry. Co.,* 147 Cal. 274, [82 Pac. 204]), there may be circumstances which would warrant a different conclusion. Here it appears that the plaintiff was somewhat advanced in years, her hearing was not of the best, and her sight was slightly impaired. She did not know that the car was in motion, and the evidence warranted the conclusion that she was not at fault in failing to know this. Under these circumstances, the question whether she had been guilty of negligence was one of fact for the trial court, and the finding in her favor cannot be held to be without support.

The judgment and the order appealed from are affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.