STAHL v. SOUTHERN MICHIGAN RAILWAY CO.

1. CARRIERS—STREET RAILWAYS—NEGLIGENCE—PASSENGERS ALIGHTING—DUTY OF RAILWAY.

   If passengers had the implied permission of defendant street car company to alight at a place where the car stopped for the purpose of allowing the conductor to go forward to throw the switch, but the regular stopping place for the discharge of passengers was around the corner, the

duty rested upon defendant to see that no passengers were in the act of alighting before starting its car.

2. SAME—CUSTOM—NOTICE—CONTRIBUTORY NEGLIGENCE—EVIDENCE —QUESTION FOR JURY.

Where plaintiff, a passenger, had some knowledge of the custom of allowing passengers to alight at said place, it cannot be said that she was guilty of contributory negligence, as a matter of law, in attempting to leave the car at that point, although she knew that the regular stopping place was around the corner.

3. SAME—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

Whether defendant omitted any duty it owed to plaintiff, *held*, under the evidence, a question for the jury.

4. NEGLIGENCE—DAMAGES—AGGRAVATION OF DAMAGES — LIABILITY OF DEFENDANT.

If a person receives an injury through the negligent act of another, and the injury is afterwards aggravated, and a recovery retarded through some accident not the result of want of ordinary care on the part of the injured person, he may recover for the entire injury sustained, as the law regards the probability of such aggravation as a consequent and natural result likely to follow from the original injury.

5. SAME—AGGRAVATED DAMAGES — PROXIMATE CAUSE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where plaintiff fell and aggravated the injury received by reason of defendant's negligence, she was entitled to have the question submitted to the jury whether the negligence of defendant was the proximate cause of the second injury, with the instruction that, if they so found, she was entitled to recover all of her damages if the second injury was not caused or contributed to by her want of ordinary care.

6. APPEAL AND ERROR—INSTRUCTIONS.

Where the charge of the court to the jury was less favorable to plaintiff than she was entitled to, defendant is in no position to complain of it.

Error to Berrien; White (Charles E.), J. Submitted June 11, 1920. (Docket No. 72.) Decided July 20, 1920.

Case by Hattie M. Stahl against the Southern Michigan Railway Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Gore & Harvey*, for appellant.

*Charles H. Kavanagh*, for appellee.

BIRD, J. Defendant started its interurban car while plaintiff was in the act of alighting therefrom. In consequence thereof she was thrown to the ground and severely injured. The jury awarded her as compensation the sum of $3,500. Defendant assigns error and insists it should have had a directed verdict. The reason urged for a directed verdict was the claimed negligence of plaintiff. The case submitted to the jury shows, in substance, that plaintiff became a passenger on defendant's car from South Bend to Niles, on the evening of November 17, 1918. The car arrived at Niles without incident and proceeded in a westerly direction down Main street. When nearing Second street the conductor announced: "Next stop Second and Main streets." That soon thereafter the car stopped and the conductor went forward to throw the switch to enable the car to pass around to the north on Second street. As the car was coming to a stop plaintiff, with other passengers, got up and started to leave the car, that just as she was stepping to the ground the car started with a jerk and threw her with considerable force to the ground and severely injured her left hip. The car arrived at Niles at about 7:30 o'clock in the evening. It was dark and the lights in the car and on the street were on. Plaintiff testified that she had left the car in safety at this point on previous occasions. Other witnesses familiar with the operation of the cars at that point testified that passengers left the car at the Main street stop as well as at the regular stop around the corner on Second street.

Plaintiff admitted, upon cross-examination, that she knew there was a regular stop on Second street, and that she knew the conductor at that point went forward to do something in connection with the operation of the car. Her testimony also indicates that, by reason of the darkness, she was uncertain whether the stop was being made on Main street or on Second street, and that she was not cautioned by the conductor not to leave the car at that place. Much of the testimony establishing these facts was in conflict with the testimony of defendant.

1. Counsel argue from these facts that plaintiff was guilty of contributory negligence, as a matter of law, and much stress is placed upon the fact that plaintiff was somewhat acquainted with the situation, that she knew of the regular stop on Second street and knew the conductor was in the habit of going forward for some purpose. Counsel's conclusion is that, knowing these facts, she took the chances of getting off in safety. The following cases are cited by defendant to the effect that where a car makes a temporary stop before reaching the regular stopping place, the company is not liable for injuries incurred by passengers who attempt to alight at the temporary stop, even though the station is announced before the temporary stop is reached: 3 Moore on Carriers, pp. 1671, 1672; *Stevens* v. *Railway Co.*, 199 Mass. 471 (85 N. E. 571) ; *McMelon* v. *Railroad Co.*, 126 La. 606 (52 South. 783) ; *Benson* v. *Railway Co.*, 24 Del. 202 (75 Atl. 793) ; *Dodge* v. *Steamship Co.*, 148 Mass. 207 (19 N. E. 373, 2 L. R. A. 83) ; *Rolette* v. *Railroad Co.*, 91 Minn. 16 (97 N. W. 431) ; *Nichols* v. *Railroad Co.*, 106 Mass. 463; *Gilbert* v. *Railway Co.*, 160 Mass. 403 (36 N. E. 60) ; *Blakney* v. *Electric Co.*, 28 Wash. 607 (68 Pac. 1037) ; *Campbell* v. *Railway Co.*, 135 Cal. 137 (67 Pac. 50) ; *Ohio, etc., R. Co.* v. *Schiebe*, 44 Ill. 460; *Smith* v. *Railroad Co.*, 88 Ala. 538 (7 South. 119,

211—Mich.—23.

7 L. R. A. 323) ; *Mitchell* v. *Railway Co.*, 51 Mich. 236; *Minock* v. *Railway Co.*, 97 Mich. 425.

We think these cases are distinguishable from the present one. Many of them are steam-road cases where the stopping place is usually indicated by an elevation or a platform on which to make an exit. Others are cases where passengers have attempted to leave the car while in motion. The thing which clearly distinguishes the present case from them is the fact that passengers had been in the habit of leaving the car at this temporary stop with the implied permission of defendant. The testimony on this question was open to a finding by the jury that passengers had the implied permission of defendant to alight at that place. If this were so, then the duty rested upon defendant to see that no passengers were in the act of alighting before starting its car. Plaintiff having some knowledge of this custom, it cannot be said, as a matter of law, that she was guilty of contributory negligence in attempting to leave the car at that place. The trial court was impressed that the testimony presented a question for the jury, and we concur in that view.

2. The contention is also made by counsel that the record does not show that defendant omitted any duty it owed the plaintiff. What has already been said on the preceding question will indicate the mind of the court on this one. If defendant had, by a course of conduct, permitted passengers to alight at that point for some considerable time, it was clearly its duty to see that no one was in the act of alighting before starting its car. Defendant disputed much of plaintiff's testimony on this point. It, therefore, became a question for the jury to decide. See *Richard* v. *Railway*, 129 Mich. 458; *Kirkpatrick* v. *Lighting Co.*, 195 Mich. 519.

3. Following plaintiff's fall she was carried to her

sister's home, who lived nearby. A physician was called and after making a superficial examination he found an injury to the sciatic nerve, but was of the opinion that there were no fractures. She remained in bed for a time and suffered much pain. When partially recovered and while packing her suit case it fell against her and she lost her balance and fell to the floor, striking on the injured hip. Another physician was called who gave it as his opinion that the left hip was fractured. Later this diagnosis was confirmed by an X-ray. Defendant raised the question upon the trial that she was not entitled to recover for any injuries which she may have suffered in the suit case accident, and it is now made the basis of an assignment of error that defendant's negligence was not the proximate cause of the suit case injury. If the suit case injury was the result of the injuries she received in the railway accident, and her own negligence did not contribute to it, she would be entitled to recover all of her damages against the defendant in this action. This rule is well stated in the recent case of *Smith* v. *Railway Co.*, 79 Wash. 448 (140 Pac. 685), where it is said:

"If a person receives an injury through the negligent act of another, and the injury is afterwards aggravated, and a recovery retarded through some accident not the result of want of ordinary care on the part of the injured person, he may recover for the entire injury sustained, as the law regards the probability of such aggravation as a consequent and natural result likely to follow from the original injury."

This rule is supported by the following Michigan cases: *Reed* v. *City of Detroit,* 108 Mich. 224; *Moore* v. *City of Kalamazoo,* 109 Mich. 176; *Zibbell* v. *City of Grand Rapids,* 129 Mich. 659; *Beauchamp* v. *Saginaw Mining Co.,* 50 Mich. 163.

Some question is raised that the case of *Vander Velde* v. *Village of Leroy,* 140 Mich. 359, does not sup-

port this rule. Without discussing the testimony in this case, as shown by the printed record, it will suffice to say that if it cannot be distinguished on the facts, it must give way to the rule as above stated.

The same rule has also been applied in the following compensation cases: *Cook* v. *Hoertz & Son*, 198 Mich. 129; *Reiss* v. *Manufacturing Co.*, 201 Mich. 90; *Cramer* v. *West Bay City Sugar Co.*, 201 Mich. 500; *Adams* v. *W. E. Wood Co.*, 203 Mich. 673.

Under this rule plaintiff was entitled to have the question submitted to the jury whether the negligence of the defendant was the proximate cause of the suit case injury, with the instruction that if they so found, she was entitled to recover all of her damages, if the suit case accident were not caused or contributed to by her want of ordinary care.

The trial court permitted plaintiff to recover for the injury to the fractured femur in the event that the jury found that it was caused at the time she fell from the car, but he excluded from their consideration any question of damages which resulted from the fall which was occasioned by the suit case. It will be seen therefore that the charge was less favorable to plaintiff than she was entitled to, and we think defendant is in no position to complain of it.

The remaining assignments of error, including one upon the refusal of the court to grant a new trial, have been examined without finding any reversible error therein.

The judgment must be affirmed.

MOORE, C. J., and FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.

STEERE and BROOKE, JJ., concurred in the result,