CAMPBELL v. BROWN.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   Claim of error in refusal to direct verdict for defendant must be considered in the light most favorable to plaintiff.

2. AUTOMOBILES—WRONG SIDE OF STREET—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
   A pedestrian crossing a street is not guilty of contributory negligence as a matter of law by failing to continue to look, after passing center of street, for automobiles running on the wrong side, although the automobile is in sight, approaching on its right side, which the pedestrian had just crossed.

3. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   In action by 68-year old woman pedestrian for injuries sustained when struck by automobile driven on wrong side of street by motorist who admitted she was plainly visible, question of contributory negligence of plaintiff held, for jury.

4. Appeal and Error—Damages—Question for Jury.

Adequacy of amount of verdict for personal injuries is generally a matter for jury and Supreme Court will not substitute its judgment therefor unless verdict has been secured by improper methods, prejudice or sympathy or is so inadequate as to shock the judicial conscience.

5. Damages—Aggravation—Proximate Cause—Contributory Negligence—Question for Jury.

Person who is injured as result of defendant's negligence and later the injury is aggravated by second injury, is entitled to have question of whether negligence of defendant was proximate cause of second injury submitted to jury with instruction that if they so found, plaintiff was entitled to recover all damages if second injury was not caused or contributed to by her want of ordinary care as the law regards probability of aggravation as a consequent and natural result likely to follow from original injury.

6. Same—Proximate Cause—Aggravation.

Length of time between original injury caused by negligence of defendant and a second injury aggravating first does not necessarily determine question of whether defendant's negligence was proximate cause of second injury since each case must be determined in the light of its own particular circumstances.

7. Trial—Separate Record—Aggravated Damages.

In action for personal injuries by one who later sustained an injury alleged to have aggravated original one, upon counsel's offer of proof jury should be excused and proofs taken in its absence in order that sufficient information may be presented to permit review of propriety of court's determination to exclude testimony as to remoteness of connection of second with original injury.

8. Appeal and Error—Separate Record—Aggravation of Damages.

In pedestrian's action for damages sustained when crossing street, refusal of trial court to permit offer of proof to be made in absence of jury in order to determine propriety of exclusion of testimony as to proximate cause of subsequent injury, alleged to have been caused by negligence of defendant, *held*, reversible error.

Appeal from Allegan; Miles (Fred T.), J.  Submitted April 9, 1936.  (Docket No. 52, Calendar No. 38,866.)  Decided June 16, 1936.  Rehearing denied September 2, 1936.

Case by Louise Campbell against H. Stanley Brown and Bert McGuire for personal injuries sustained when struck by an automobile while crossing a street.  From verdict and judgment for plaintiff, both parties appeal.  Reversed and new trial granted.

*Carl E. Hoffman (Leo W. Hoffman* and *Clare E. Hoffman,* of counsel), for plaintiff.

*Howard, Howard & Howard,* for defendants.

BUSHNELL, J.  On the evening of July 14, 1934, plaintiff was struck by a car, owned by Bernard McGuire, a minor, driven by H. Stanley Brown, and the title of which stood in the name of Bernard's father, Bert McGuire.  Mrs. Campbell, a widow, who was then 68 years old, had, according to defendant Brown, safely negotiated the north half of the road which runs east and west and "was over the middle" when she seemed to hesitate, then started on and Brown attempted unsuccessfully to "pass her on the left side."  She suffered numerous abrasions of the body, a contusion of the left occipital and the fibula of her left leg was broken.  She was unconscious for five days and remained in the hospital 76 days; her total medical expenses up to this time had been $736.70.  Before the accident, she was quite active in the discharge of her household duties even to caring for her yard and furnace.  After her injury, she was obliged to board for a while in the homes of friends, and finally could dress herself, but when walking out doors required some assistance.

It appears that plaintiff had been accustomed to wintering in Florida and on the following December 15th, accompanied by the lady with whom she was then boarding, she went to her winter home where this friend remained with her for about three weeks. Thereafter she was assisted by some young people who also occupied her Florida home. Mrs. Campbell said she had not fully recovered by March 16th and testified that her condition at this time was as follows:

"While I could not get around, I could not go up and down the stairs like I usually had with one foot after another. I had to go one foot at a time and drag the other, take hold of something to assist me. If I got down on the floor I could not get up. If anything happened I would sit on the floor to fix my shoes or anything I could not get up. I dressed myself. There was very little cooking. I warmed up a little something. Very little housekeeping of any kind. My room was looked after. My washing and ironing was done. I was helpless in that way.

"Q. In what way were you helpless?

"A. Because I could not do what I always had done. I know how to work. I could not work then."

Plaintiff's declaration alleges that as a result of the automobile injury and without any negligence on her part, she subsequently fell and sustained an intracapsular fracture of the left femur, thereby causing further expense and additional pain and suffering, all of which was due to the original negligence of defendants.

At the beginning of the trial, the court ruled that plaintiff's counsel could not include in his opening statement any reference to the subsequent injury, it being too remote; nor was plaintiff allowed to pre-

sent any testimony in support of this portion of her declaration.

After denial of plaintiff's motion for a new trial and defendants' request for a directed verdict and judgment *non obstante veredicto,* a judgment was entered for plaintiff against both defendants for $1,250 in accordance with the verdict of the jury.

All parties appeal, plaintiff urging errors on the court's rulings as to the subsequent injury and the trial judge's refusal to grant a new trial, in the face of what she claims is a grossly inadequate verdict. Defendants' sole claim of appeal is that they were entitled to a directed verdict, because plaintiff was guilty of contributory negligence as a matter of law.

Defendants' claim of error must be considered in the light most favorable to plaintiff. Their own witness Brown admits that plaintiff was plainly visible on the highway and beyond its center when he first saw her and that the impact occurred when both were on the left side of the road. He was "driving approximately down the middle of the highway" in a westerly direction and she was walking across the road in a southerly direction when he first observed her 12 or 15 feet away.

Defendants' question is answered by *Rowland* v. *Brown,* 237 Mich. 570, 576:

"We know of no authority holding it is contributory negligence as a matter of law if a pedestrian does not continue to look after passing the center of the street for automobiles running on the wrong side of the street, although an automobile is in sight approaching on its right side of the street which the pedestrian just crossed."

Plaintiff's contributory negligence under these circumstances is a question for the jury.

The adequacy of amount of a verdict is also generally a matter for the jury. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice or sympathy. *Michaels* v. *Smith,* 240 Mich. 671. No such showing has been made, nor is the verdict so inadequate as to shock the judicial conscience. *Watrous* v. *Conor,* 266 Mich. 397. See, also, *Sebring* v. *Mawby,* 251 Mich. 628. However, we do not pass upon this question in the instant case because of the conclusions hereinafter stated.

The rulings of the court with respect to the allegations of the subsequent injury and liability of defendants therefor present a more difficult problem. Certain authorities on this subject have been annotated in 9 A. L. R. 255 and 20 A. L. R. 524, among them being the case of *Stahl* v. *Railway Co.,* 211 Mich. 350, from which we quote:

"If the suit case injury was the result of the injuries she received in the railway accident, and her own negligence did not contribute to it, she would be entitled to recover all of her damages against the defendant in this action. This rule is well stated in the recent case of *Smith* v. *Railway Co.,* 79 Wash. 448 (140 Pac. 685), where it is said:

"'If a person receives an injury through the negligent act of another, and the injury is afterwards aggravated, and a recovery retarded through some accident not the result of want of ordinary care on the part of the injured person, he may recover for the entire injury sustained, as the law regards the probability of such aggravation as a consequent and natural result likely to follow from the original injury.'

"This rule is supported by the following Michigan cases: *Reed* v. *City of Detroit,* 108 Mich. 224; *Moore* v. *City of Kalamazoo,* 109 Mich. 176; *Zibbell* v. *City of Grand Rapids,* 129 Mich. 659; *Beauchamp* v. *Saginaw Mining Co.,* 50 Mich. 163 (45 Am. Rep. 30).

"Some question is raised that the case of *Vander Velde* v. *Village of Leroy,* 140 Mich. 359, does not support this rule. Without discussing the testimony in this case, as shown by the printed record, it will suffice to say that if it cannot be distinguished on the facts, it must give way to the rule as above stated.

"The same rule has also been applied in the following compensation cases: *Cook* v. *Hoertz & Son,* 198 Mich. 129; *Reiss* v. *Northway Motor & Manfg. Co.,* 201 Mich. 90; *Cramer* v. *West Bay City Sugar Co.,* 201 Mich. 500; *Adams* v. *W. E. Wood Co.,* 203 Mich. 673.

"Under this rule plaintiff was entitled to have the question submitted to the jury whether the negligence of the defendant was the proximate cause of the suit case injury, with the instruction that if they so found, she was entitled to recover all of her damages, if the suit case accident were not caused or contributed to by her want of ordinary care."

Our attention has not been directed to any subsequent decisions on this question except *Oleszek* v. *Ford Motor Co.,* 217 Mich. 318. See, also, 17 C. J. pp. 734–736.

Under the *Stahl* decision and because of the conflict in the testimony as to plaintiff's recovery from the first injury, she may have been entitled to have the jury consider whether defendants' negligence was the proximate cause of the second injury.

The trial judge considered the second accident too remote to be admissible, but such determination could not be made with any degree of accuracy unless the court permitted plaintiff's counsel to state that which he proposed to prove. The rule quoted, *supra,* while placing certain limitation upon the admissibility of such matters, does not include that of the length of time between the injuries, obviously

because each case must be determined in the light of its own particular circumstances.

The better practice would be to excuse the jury and in its absence permit counsel to make an offer of proof, thereby including in the record sufficient information to permit a review of the propriety of the court's ruling. See *Scripps* v. *Reilly,* 38 Mich. 10, and *In re Fine's Estate,* 249 Mich. 391. Had this been done in the instant case, the proposed testimony might have disclosed a situation that would amply justify the finding that the second accident was too remote to be connected with the first, and, therefore, any testimony concerning it should be excluded.

Counsel, however, was not permitted to make this offer of proof and, therefore, the record is insufficient to permit a determination of the correctness of the ruling of the trial court, in this particular. Because of this error, the judgment must be vacated and a new trial granted. It is so ordered, with costs to appellant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.