## Julius Schaper and John Stelzick v. Adolph Sutter.

1. PROBABLE CAUSE—*What Constitutes.*—All that is required to constitute probable cause for suing out an attachment and levying the same upon the goods of another is an honest belief, or strong ground of suspicion, and a reasonable ground of the belief or suspicion, and this may be upon information from others, as well as personal knowledge.

2. SAME—*As to Joint Tort Feasors.*—Several persons may act upon information worthy, apparently, of unhesitating belief, and fully believed by all but one of such persons, who may have such other information which he dare not disclose, as takes from him the protection of probable cause.

3. MALICE—*Abuse of Legal Process.*—Abusing the process of the law, to the injury of another, is of itself malicious.

Trespass on the Case.—Abuse of legal process. Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed March 31, 1896.

ROSENTHAL, KURZ & HIRSCHL, attorneys for plaintiffs in error.

KNIGHT & BROWN, attorneys for defendant in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This was an action by the plaintiff in error against the defendant, for maliciously and without probable cause suing out an attachment, and levying upon the property of the plaintiffs. The jury seems to have been instructed by

thirteen lengthy instructions upon the theory that the jury would find anyhow for the plaintiffs, and therefore the court would leave no opening for the reversal of a judgment by denying any of the instructions asked by the defendant.

Inadvertently, the court inserted, as a modification of one of those instructions, a recital "that defendant was not prompted by malice, and that defendant believed that said affidavit was true." The only defense attempted of this modification is that while "those words were not so connected with the other portions of the instruction as to read smoothly, in view of the other instructions, the jury could hardly have been misled." The suit was originally against several defendants, as to all of whom, except the defendant in error, the action was discontinued during the trial. One instruction told the jury that in order to recover, the plaintiffs must show that "neither the defendants, nor any of them, nor any one acting on their behalf, had any reasonable or probable cause for causing said writ to be issued."

Another instruction was, that to constitute malice it was necessary that the conduct of the defendants was "from a stronger motive than the desire to collect their debt against the plaintiffs, and from a stronger motive than mere spite against them because they have not paid the said debt."

Perhaps the instruction on probable cause did no other harm than that it increased the pressure upon the jury, resulting from the iteration and reiteration, in many variations of phrase, of the burden the plaintiffs were carrying, to find for the defendants.

But it is very bad in itself. All that is required to constitute probable cause is an honest belief, or strong ground of suspicion, of the plaintiffs' guilt, and a reasonable ground of the belief or suspicion; and that may be upon information from others as well as personal knowledge. Harpham v. Whitney, 77 Ill. 32.

Several plaintiffs may act upon information worthy, apparently, of unhesitating belief, and fully believed by all but one of the several plaintiffs; that one may have such other information, which he does not disclose, as takes from

him the protection of probable cause, and yet the instruction protects him because the others had probable cause, *reductio ad absurdum.*

The instruction as to malice is supported by the case cited by the defendant—Splane v. Byrne, 9 Ill. App. 392—but there must be some mistake in the text there. Abusing the process of the law, to the injury of another, is of itself malicious. Krug v. Ward, 77 Ill. 603.

We can not go through all the instructions, nor is it necessary. There are few subjects upon which the principles of law are more familiar by decisions of this State than upon malicious prosecution.

The judgment is reversed and the cause remanded.