[L. A. No. 3092. Department Two.—May 28, 1913.]

RICHARD CREWS, Appellant, v. J. M. MAYO, Respondent.

MALICIOUS PROSECUTION—MALICIOUS COMMENCEMENT OF ACTION AND ISSUANCE OF ATTACHMENT—PENDENCY OF ACTION A DEFENSE.—In an action to recover damages for the malicious commencement of an action and the malicious issuance of an attachment therein, a nonsuit is properly granted where the evidence of the plaintiff showed that while a default had been entered against the plaintiff in the attachment action for failure to amend his complaint, the order granting the default had been set aside, that an answer to an amended complaint had been filed therein, and that the case had never been determined and was still pending.

ID.—ACTION FOR ABUSE OF PROCESS—NECESSARY ELEMENTS OF CAUSE OF ACTION.—Two elements are necessary to sustain an action for abuse of process, one, the existence of a bad motive; the other, an act in the use of the process not proper in the regular employment

of the proceeding.   Even evil intentioned use of process, if regular, is not abuse thereof.

ID.—ACTION FOR MALICIOUS ISSUANCE OF PROCESS.—Where the malicious *issuance* of the process is the gist of the action, a termination of the suit in which the process was issued must be proven.   It is not necessary to show that it was tried on its merits, but there must be a showing that it has gone beyond the power of the plaintiff to continue it.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Randall & Gaines, for Appellant.

Emmet H. Wilson, and E. T. Sherer, for Respondent.

MELVIN, J.—This appeal is taken by the plaintiff from a judgment entered after defendant's motion for a nonsuit was granted.

In the complaint it is alleged that an action was commenced in the justice's court of Los Angeles township by Mayo, the defendant in this action, against Crews, the plaintiff here, for two hundred dollars, that an attachment was issued at Mayo's request and placed in the hands of the constable of the township with instructions to levy upon sufficient of Crew's property to satisfy Mayo's demand, with costs; and that the procuring of the writ was malicious and without probable cause.   The complaint also contains allegations that another action had been commenced by a certain corporation on the same claim in another court by Mayo's procurement; that certain property of Crews had been attached in that action; and that the suit in Los Angeles township had been commenced while the other action was pending.   There are also averments relating to the mistreatment of the cattle taken by the constable under the writ in the second action.   There is no allegation, however, that Mayo and the constable entered into any conspiracy to abuse the process of attachment.   The complaint also recites the recovery of judgment by default against Mayo in the suit in Los Angeles township, the dissolution of the attachment, and a number of other things relating to the alleged bad faith of Mayo in bringing that action,

which would have been good matter of defense if proved therein.

At the trial of this case plaintiff's own proof showed that while in the action in the justice's court of Los Angeles township a default had been entered against Mayo for failure to amend his complaint, the order granting said default had been subsequently, on motion, set aside and that Crews had filed an answer to an amended complaint; that the case had never been determined in favor of Crews or at all, and that it was still pending.

The nonsuit was granted upon several grounds, the principal one being that an action of this kind would not lie before the termination of the suit in the lower court beyond the power of the plaintiff therein to continue its prosecution. In opposition to this position appellant insists that his cause of action was complete as soon as the attachment proceeding terminated. He cites a number of authorities based upon the abuse of process or the malicious use of it, but an analysis of his complaint shows that he depended upon the malicious commencement of the action in the justice's court and the malicious issuance of the process, as the basis for the suit at bar. He refers to such authorities as *Mullins* v. *Matthews,* 122 Ga. 287, [50 S. E. 101]; *Montague* v. *Cummings,* 119 Ga. 139, [45 S. E. 979], and *White* v. *Apsley Rubber Co.,* 181 Mass. 340, [63 N. E. 885], but those were all cases in which the basis of suit was abuse of process and not its malicious issuance. Two elements are necessary to sustain an action for abuse of process, one, the existence of a bad motive; the other an act in the use of the process not proper in the regular employment of the proceeding. Even evil-intentioned use of process, if regular, is not *abuse* thereof. (*Bonney* v. *King,* 201 Ill. 51, [66 N. E. 377].) But where the malicious *issuance* of the process is the gist of the action, a termination of the suit in which the process was issued must be proven. It is not necessary to show that it was tried on its merits, but there must be a showing that it has gone beyond the power of the plaintiff to continue it. (*Hurgren* v. *Union Mutual Life Ins. Co.,* 141 Cal. 587, [75 Pac. 168].)

In *Carter* v. *Paige,* 80 Cal. 392, [22 Pac. 189], the chief justice, delivering the opinion of the court, said: "It will be seen that here is an allegation that judgment was given and

entered for the defendant in the attachment suit (plaintiff here), and that no appeal was taken therefrom within five days. Evidently the theory upon which the complaint was drawn was that a right of action for malicious attachment accrued at least as soon as the attachment was dissolved, irrespective of the finality of the judgment, and that the attachment was finally dissolved by judgment for the defendant unappealed from within five days. (Code Civ. Proc., sec. 946.) We doubt the correctness of this theory, but we deem it unnecessary to decide upon it.'' While the quoted passage is a *dictum,* we think it suggests the correct rule.

In *Tisdale* v. *Kingman,* 34 S. C. 327, [13 S. E. 547], which was an action for malicious prosecution of a warrant for the enforcement of an agricultural lien, the complaint was held bad because it failed to state the termination or discharge of the warrant in favor of the plaintiff. (See, also, *Rea* v. *Lewis,* 1 Minor, (Ala.) 382.)

In *Carpenter* v. *Nutter,* 127 Cal. 61, [59 Pac. 301], it was decided that in an action for damages on account of malicious prosecution, it must be shown that the prosecution had terminated, and the mere discharge of the defendant in that prosecution would not be sufficient. (See, also, *Donati* v. *Righetti,* 9 Cal. App. 47, [97 Pac. 1128].) An order discharging an attachment is not a judgment. (Code Civ. Proc., sec. 577.)

In order that plaintiff might establish his claim that the attachment had been maliciously procured and without probable cause, it would be necessary, under his own theory and pleading, to show that the action in the justice's court was without merit, and to establish the many matters set up in that behalf. These defensive matters, of course, could not be proven collaterally while the original cause in the justice's court was pending and undetermined.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.