[Civ. No. 2805. First Appellate District, Division Two.—June 28, 1919.]

## M. H. HOFFMAN, INC. (a Corporation), Respondent, v. BERNSTEIN FILM PRODUCTIONS (a Corporation), Appellant.

[1] CORPORATIONS—AUTHORITY OF PRESIDENT AND GENERAL MANAGER. In the absence of any showing to the contrary, a corporation is bound by the statements of its president and general manager.

[2] ASSUMPSIT—WITHHOLDING OF MONEY DUE ANOTHER—REMEDY.— Where one person has money which he has admitted belongs to another, and which he has promised to pay, *assumpsit* is the proper remedy to recover the same.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leon E. Morris for Appellant.

H. A. Levinson for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment for six thousand five hundred dollars, with interest and costs, rendered on the common count for money had and received.   On behalf of the appellant it is contended that the findings are not supported by the evidence, and that recovery on the common count could not be had under the facts disclosed.

---

2. Right of action for money had and received against person procuring payment of money with knowledge that it is due to another, note, Ann. Cas. 1918D, 245.

The defendant, a producer of motion pictures, in April, 1917, had in course of production a picture play entitled "Who Knows." It had in contemplation the production of a series of other motion-picture plays. On April 6, 1917, the defendant contracted with one Zierler to deliver to him for exclusive distribution in the states of New York, New Jersey, and Connecticut the film of "Who Knows," and to give him the option on later plays for distribution in those states. The contract price of "Who Knows" for the three states was six thousand five hundred dollars, of which Zierler paid one thousand dollars on the signing of the contract and promised to pay the remaining five thousand five hundred dollars on delivery of the film. The film was shipped to Zierler after May 1, 1917, and he paid to the defendant on its delivery the five thousand five hundred dollars. The suit is to recover these two sums claimed by the plaintiff to be due to it by reason of dealings between the parties to the action subsequent in date to the Zierler contract.

On April 24, 1917, the defendant entered into a written contract with the plaintiff, under which, for the period of five years, the defendant agreed to produce and deliver to the plaintiff, for exclusive distribution throughout the world, all its picture plays, under an arrangement by which they were to share in net profits. The cost of production was to be paid by the distributor to the producer, but until September 1, 1917, one-half of this cost was to be paid on delivery of the negative to the distributor and the remaining half out of the first receipts of the distributor as each film was delivered and marketed. At that time the play "Who Knows" had not been completed. In the contract with the plaintiff the Zierler contract was briefly described and the fact that he had already paid one thousand dollars was recited. The particular clause of the contract then continued: "With this understanding, it is understood by the producer and the distributor that this agreement is made subject to said contract with said Zierler, which contract the distributor agrees to assume, and the contents of which he is familiar."

It will be noted that, while under the terms of the second contract there was no sum of money payable at that time from the plaintiff to the defendant, the former then paid the

defendant six thousand five hundred dollars. On May 8th the defendant shipped the positive copies of "Who Knows" C. O. D. to Zierler, and collected five thousand five hundred dollars. The plaintiff immediately protested against this collection and demanded that the money be paid to it. The negative of "Who Knows" was never delivered to the plaintiff, and, therefore, the defendant never became entitled to the first half of the cost of its production. It was entitled to six thousand five hundred dollars on the Zierler account. It received six thousand five hundred dollars from the plaintiff upon the understanding of the parties of the meaning of the assumption clause of their contract, and it received from Zierler and was holding six thousand five hundred dollars, which should have been paid to the plaintiff on its demand. In other words, being entitled to six thousand five hundred dollars on the Zierler account, it had received thirteen thousand dollars, one-half from Zierler on his direct obligation and one-half from the plaintiff on its assumption of Zierler's contract. In the correspondence and oral negotiations between the president of the plaintiff and Isidore Bernstein, the president of the defendant, the latter not only admitted that the money was advanced by and was due to the plaintiff, but representing that his company was in financial straits, he asked for time, promising to make the payment.

On the trial no objection was made to the proof of the facts above set forth and no evidence was introduced on behalf of the defendant. In the appellant's brief there is no suggestion that the defendant is not indebted to the plaintiff. It is claimed that the evidence does not support the finding that the defendant received six thousand five hundred dollars from Zierler for the use and benefit of the plaintiff. This attack is on two grounds, namely, that it was not shown that Bernstein had power to contract for the defendant, and that as to the first one thousand dollars it was paid before the plaintiff came into the transaction. [1] The first of these contentions is answered by the contract, which expressly describes Isidore Bernstein as the president and general manager, and the life of the contract is made to depend upon his continuing to act in those two capacities. The plaintiff dealt with the defendant upon the personal responsibility and control of Bernstein. In

the absence of any showing to the contrary the corporation is bound by the statements of its president and general manager. (*Lowe* v. *Yolo County etc. Water Co.,* 157 Cal. 512, [108 Pac. 297].) In regard to the second contention, so far as the plaintiff is concerned, the payment of the first one thousand dollars was as of the date of the contract in which its receipt was admitted by the defendant when the defendant received of the plaintiff the six thousand five hundred dollars, which covered the one thousand dollars as well as the five thousand five hundred dollar payment.

On behalf of the appellant, it is contended that since the written contract between the plaintiff and the defendant is executory, a judgment on the common count cannot be sustained. The defense is technical and the result would not be changed by sending the case back for retrial on other pleadings. (Const. Cal., art. VI, sec. 4½; *Poak* v. *Pacific Electric Ry. Co.,* 177 Cal. 192, [170 Pac. 159]; *Kurtz* v. *Forquer,* 94 Cal. 91 [29 Pac. 413].) **[2]** The action was not on the written contract, but upon oral negotiations in which the parties placed their own construction on its terms. Bernstein admitted the money belonged to the plaintiff and promised to pay it. *Assumpsit* is the proper remedy in such a case. (*Ehrman* v. *Rosenthal,* 117 Cal. 496, [49 Pac. 460].) It is urged that recovery on the common count cannot stand as to the first one thousand dollars. This has been discussed from another point of view. Considered as a matter of pleading, it appears that the money ought to have been paid and was being withheld at the time suit was brought. ''The action for money had and received will lie wherever it appears that defendant has received money which in equity and good conscience he should pay to the plaintiff.'' (*Fox* v. *Monahan,* 8 Cal. App. 709, [97 Pac. 765].)

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.