[Civ. No. 13146.  First Dist., Div. Two.  Mar. 12, 1947.]

PETER TRANCHINA et al., Respondents, v. CESAR E. ARCINAS et al., Appellants.

Albert J. McGuire for Appellants.

W. L. A. Calder and Charles M. Frey for Respondents.

DOOLING, J.—Defendants appeal from a judgment for damages in favor of plaintiffs.  Plaintiffs, husband and wife,

on or about August 1, 1942, entered into occupancy of a dwelling house in San Francisco under a month to month tenancy and continued in such occupancy until they were evicted in the manner hereinafter described on or about September 15, 1944. On April 1, 1944, the defendants by purchase acquired title to the property so occupied by plaintiffs. Upon acquiring said property defendants petitioned the Office of Price Administration (popularly known as O. P. A.) for a certificate authorizing them to pursue the local remedies for the eviction of plaintiffs, representing to the O. P. A. that they desired said housing accommodations for the immediate use of themselves and their family. Pursuant to this petition the O. P. A. issued such certificate. The certificate so issued contained the following restriction:

"An action to remove or evict the tenant is hereby authorized solely for the purpose of occupancy by Antonia Arcinas, Purchaser."

Pursuant to this certificate the necessary notice was served on the plaintiff, Mary Tranchina, and thereafter an unlawful detainer action was commenced against Mary Tranchina which resulted in a judgment for the possession of the premises. Defendants then obtained a writ of possession in that action and placed it in the sheriff's hands for execution, and pursuant to the demand of the sheriff acting under said writ the plaintiffs surrendered possession of the premises on September 15, 1944.

Following the departure of plaintiffs from the premises defendants did not move into or occupy them, but rented portions of them to tenants and placed the property in the hands of a realtor for sale. Plaintiffs filed the present action for damages on January 2, 1945, and on or about March 20, 1945, the defendants finally moved into and occupied the premises as their home.

The trial court found that the proceedings taken to evict the plaintiffs by defendants and their subsequent eviction were not taken and done by the defendants in good faith or with the intention of occupying the premises themselves but "for the purpose of circumventing the rules and regulations of the Office of Price Administration." Defendant, Antonia Arcinas, testified that defendants at all times intended in good faith to occupy the premises as their home, but that they had to repair the premises, which were badly run down; that they also had difficulty in evicting certain subtenants; and

that due to these difficulties, and only because of them, they decided to put the house up for sale. Appellants argue that in view of this testimony the finding above summarized is not supported by the evidence. Opposed to the defendants' evidence, however, are the undisputed facts that defendants did not actually occupy the premises until over six months after the eviction (and then only after the commencement of this litigation) and that in the meantime they rented a portion of the premises to new tenants and made an unsuccessful effort to sell the property. ■ The inferences to be drawn from the evidence as a whole lie in the sound discretion of the trial judge and it is well settled that the intention with which a party did an act may be inferred from evidence of his subsequent conduct. (*Longway* v. *Newbery,* 13 Cal.2d 603, 611-612 [91 P.2d 110]; *Holiday* v. *Tolosano,* 39 Cal.App. 151, 153-154 [178 P. 170]; *Snyder* v. *City Bond & Finance Co.,* 106 Cal.App. 745, 748-749 [289 P. 859]; *Jarkieh* v. *Badagliacco,* 75 Cal.App.2d 505, 509-510 [170 P.2d 994].)

We may take it as settled, then, that defendants in bad faith caused the eviction of plaintiffs in circumvention of the wartime regulations of the Congress of the United States as implemented by the regulations of the O. P. A. In the face of these facts appellants argue that plaintiffs must be without remedy for the wrong done them because the fraud practiced upon them, the O. P. A. and the municipal court in the unlawful detainer action was intrinsic fraud and the certificate obtained by them from the O. P. A. is now res judicata of their good faith intention to occupy the premises as their home. (*Pico* v. *Cohn,* 91 Cal. 129, 134 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336]; *Hosner* v. *Skelly,* 72 Cal. App.2d 457 [164 P.2d 573]; 15 Cal.Jur. 18.)

■ Granting full weight to the doctrine of res judicata in cases of perjured testimony amounting to intrinsic fraud we do not feel bound by that doctrine in the case here presented. The wrong was not done to plaintiffs in this case by the procuring of the certificate from the O. P. A. nor by the entry of the judgment in the unlawful detainer action. The wrong was only done when by the use of the writ of possession defendants evicted plaintiffs from their home, not for the purpose of occupying it themselves as contemplated by the wartime emergency regulations but for an ulterior purpose in circumvention of those regulations. In our view this perversion of the writ of possession to a pur-

pose forbidden by law amounted to an actionable abuse of the process of the court.

This tort is thus defined in 3 Restatement of Torts, section 682, page 464:

"One who uses legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby.

*Comment:*

"a. The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings which were brought with probable cause and for a proper purpose or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section."

So in 1 Cooley on Torts, fourth edition, section 131, pages 434-435 we read: "If process, either civil or criminal, is wilfully made use of for a purpose not justified by the law, this is abuse for which an action will lie. The action will lie although the process was lawfully issued upon a valid judgment for a just cause and is valid in form. The grievance for which redress is sought arises in consequence of subsequent acts—the illegal and malicious abuse of the power conferred by the judgment and writ."

The rule is similarly stated in *Dean* v. *Kochendorfer,* 237 N.Y. 384 [143 N.E. 229, 231] by Mr. Justice Pound of the Court of Appeals:

"The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough."

To the same effect are 50 C.J. 612; 1 Am.Jur. 176; Prosser on Torts, § 98, p. 892 et seq.; *Coplea* v. *Bybee,* 290 Ill.App. 117 [8 N.E.2d 55] ; *Ash* v. *Cohn,* 119 N.J.L. 54 [194 A. 174] ; *Saliem* v. *Glovsky,* 132 Me. 402 [172 A. 4] ; *Defnall* v. *Schoen,* 73 Ga.App. 25 [35 S.E.2d 564] ; *Ellis* v. *Wellons,* 224 N.C.

269 [29 S.E.2d 884]; *Nix* v. *Goodhill,* 95 Iowa 282 [63 N.W. 701, 58 Am.St.Rep. 434]; *Kool* v. *Lee,* 43 Utah 394 [134 P. 906]; and cases collected in the notes in 80 A.L.R. 580 and 86 Am.St.Rep. 397; and cf. the dictum in *Crews* v. *Mayo,* 165 Cal. 493 at p. 495 [132 P. 1032].

Under the O. P. A. regulation adopted pursuant to the Emergency Price Control Act of 1942 (Pub.L.No. 421, 77th Cong., 2d Sess., ch. 26; 56 Stats. 29) "no tenant shall be removed from any housing accommodations . . . unless: . . .

"(6) The landlord . . . seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself" (8 Fed.Reg. 7322, § 6 (a)); and under section 6 (b) of the same regulation a landlord acquiring title after October 20, 1942, must in addition procure a certificate permitting such removal under local law. These regulations modified the local law *pro tanto* so as to prohibit the eviction of a tenant for other than the purposes or reasons authorized therein. It follows that defendants were prohibited by law in this case from evicting plaintiffs for any other purpose than that authorized, i. e. "solely for the purpose of occupancy by Antonia Arcinas, purchaser." When, as found by the trial court, defendants wilfully used the writ of possession to effectuate another purpose than that authorized by law such use constituted a perversion of the writ from its lawful purpose and amounted to an abuse of process.

Defendants argue that malice is a necessary element of the actionable abuse of process. Malice was pleaded (paragraph XXI of the complaint) and found by the court (par. 5 of the findings). ■ Whether malice is a necessary element of this tort has been questioned (50 C.J. 616-617; 1 Am.Jur. 179-180) but if malice is a necessary element it is settled that it may be inferred from the wilful abuse of the process (50 C.J. 616; 1 Am.Jur. 192; Prosser on Torts, 893-894; *Coplea* v. *Bybee, supra,* 290 Ill.App. 117 [8 N.E.2d 55, 59]; and cases collected in 80 A.L.R. 582).

To summarize, the court has found that, defendants having procured a judgment in unlawful detainer for the purpose of evicting plaintiffs solely for the purpose of occupancy of the premises by them as authorized by law, they wilfully and maliciously perverted the process of the court issued pursuant to their judgment to evict plaintiffs for a purpose forbidden by law.

Because the plaintiffs proceeded upon the theory of fraudulent conduct in securing the O.P.A. certificate and the judgment in the unlawful detainer action defendants argue that this court should not affirm the judgment on another theory.

The rule that a party may not change his theory on appeal is generally accepted and followed. (2 Cal.Jur. 237.) It rests upon principles of estoppel, that a party having elected a theory in the trial court should not change his theory on appeal to the disadvantage of his adversary. "To permit a party who has tried his case wholly or in part on a certain theory, which theory was acted on by the trial court, to change his position and adopt a different theory on appeal, would not only be unfair to the trial court, but manifestly unjust to the opposing litigant." (2 Cal.Jur. 237.) The rule has no proper application to this case. Plaintiffs pleaded in their complaint an abuse of process (par. XI) ; the issue was fully litigated as to defendants' intention in good faith to occupy the premises and the plaintiffs' theory of the law as advanced in the trial court in no respect misled defendants in the presentation of their evidence on that controlling question of fact.

If the case were reversed, a new trial on the issue of abuse of process would develop no issue not already fully litigated and decided. The courts will not reverse for a mere error in remedy or procedure where a new trial on the proper theory would only result in the same judgment. (*Whitworth* v. *Fernandez,* 202 Cal. 134, 138 [259 P. 727] ; *Hoffman, Inc.* v. *Bernstein F. Prod.,* 42 Cal.App. 12, 15 [183 P. 293] ; *Ackley* v. *Prime,* 99 Cal.App. 534, 540-541 [278 P. 932] ; 5 C.J.S. 840; Cal. Const., art. VI, § 4½.)

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.