**HALL v. FIELD ENTERPRISES, Inc. et al.**

No. 1292.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 15, 1952.

Decided Feb. 5, 1953.

George A. Parker, Washington, D. C.,
with whom Barrington D. Parker, Washington, D. C., was on the brief, for appellant.

Jeff Busby, Washington, D. C., with whom Jeff Busby, Jr., Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a suit claiming damages for an alleged abuse of civil process. The complaint (to which we shall presently refer in greater detail) charged that defendants (plaintiff and its attorney in the prior suit) wrongfully and falsely filed a suit against Hall, plaintiff in this case, for breach of a contract which he had not signed, and illegally and wrongfully pursued the case to judgment and caused his wages to be attached. Defendants filed a motion to dismiss on the ground that the complaint did not state a cause of action. As a part of their motion, defendants included the record of the prior suit. The trial court granted defendants' motion to dismiss, and this appeal followed.

█ We first refer to the status and effect of matters outside the basic pleadings, when such have been presented to and considered by the court. Such procedure is expressly provided for in Municipal Court Civil Rule 12(b) which is based on the corresponding Rule 12(b) of the Fed.Rules Civ.Proc., 28 U.S.C.A. The rule says: "If, on a motion * * * to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Extraneous matters, to be entitled to consideration on such a motion must have "the ceremonial quality of testimony in open court," such as depositions, admissions or affidavits. Sardo v. McGrath, 90 U.S.App.D.C. 195, 196 F.2d 20, 23.

In this case the matters presented with the motion to dismiss consisted of the record of the previous action by Field Enterprises against Hall (in which a default judgment was rendered), the record of garnishment proceedings by which credits of Hall were attached and condemned, a motion filed by Hall to vacate the judgment, affidavit in support thereof, Field's opposition thereto, and the court's order refusing to vacate the judgment and attachment.

█ Although the trial court did not purport to follow the mandate of Rule 12 (b), yet the extrinsic material obviously was considered by it in reaching its decision, and it has been made a part of the record on this appeal. Accordingly, we may consider it in testing the correctness of the order of dismissal. Callaway v. Hamilton Nat. Bank of Washington, 90 U. S.App.D.C. 228, 195 F.2d 556, 559. There the court repeated this familiar rule; "In dealing with the record on this appeal, however, we must observe the usual rule that on a motion to dismiss, the plaintiff's allegations are to be taken as true and all reasonable favorable inferences arising therefrom are to be indulged. * * * A motion to dismiss should not be sustained 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim' set forth by the plaintiff." The court also pointed out that regardless of the label attached to the proceeding at such stage, it would be wrong to attempt to resolve "any conflict in the inferences" to which plaintiff's allegations of fact give rise and that courts must determine whether, if all conflicting inferences are to be resolved in plaintiff's favor at the trial, he would still be barred from any recovery.

With these rules to guide us, we consider the propriety of the order of dismissal. The complaint and affidavit alleged that the first suit had been brought against Hall for the purchase price of certain books sold to Hall's wife; that Hall was not a party to the purchase contract and that no one signed in his behalf or by his authorization; that defendants well knowing such facts, nevertheless wrongfully, falsely and without legal justification filed the suit against him; that the action was taken unlawfully, maliciously and fraudulently; that the claim against him was fraudulent and was

filed with the intent of embarrassing him with his employer; and that defendants illegally, wrongfully and without proper justification caused to be issued a writ of attachment predicated on the fraudulent judgment, and wrongfully and unlawfully seized his wages.

It has been aptly said that the elements vital to an action for abuse of process are not clearly defined. "The reason apparently is that the term has been used as a label for a variety of dissimilar situations which have in common only the fact that actionable injury was inflicted in connection with the use of judicial process and under circumstances such that the narrowly circumscribed action of malicious prosecution was inapplicable." Italian Star Line v. United States Shipping Board E. F. Corp., 2 Cir., 53 F.2d 359, 361, 80 A.L.R. 576.

■■ From our study of the authorities we think it is accurate to say that the right to charge an abuse of process arises when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do. The action will lie even though the process has been validly issued, and regardless of whether there was probable cause for its issuance, or whether any prior proceeding has terminated in favor of the present plaintiff. The action is thus distinguishable from one for malicious use of process or malicious prosecution, although the facts which give rise to one action may also support the other. What we have just said is supported by ample authority. See Italian Star Line v. United States Shipping Board E. F. Corp., supra; Gonsouland v. Rosomano, 5 Cir., 176 F. 481; Ellis v. Millen Hotel Co., 192 Ga. 66, 14 S.E.2d 565; Priest v. Union Agency, 174 Tenn. 304, 125 S.W.2d 142; Ash v. Cohn, 119 N.J.L. 54, 194 A. 174; Dean v. Kochendorfer, 237 N.Y. 384, 143 N.E. 229; Atlanta Ice & Coal Co. v. Reeves, 136 Ga. 294, 71 S.E. 421, 36 L.R.A.,N.S., 1112; Antcliff v. June, 81 Mich. 477, 45 N.W. 1019, 10 L.R.A. 621; Defnall v. Schoen, 73 Ga.App. 25, 35 S.E.2d 564; Coplea v. Bybee, 290 Ill. App. 117, 8 N.E.2d 55; Merriman v. Merriman, 290 Ill.App. 139, 8 N.E.2d 64; 3 Restatement, Torts, sec. 682; annotations, 14 A.L.R.2d 264, 322; and 80 A.L.R. 581.

■ Applying these tests and the law stated in the Callaway case, plaintiff's complaint was sufficient to permit proof not only of the mere use of process against him but that it was unlawfully used for a purpose not intended by it or to accomplish a result not lawfully obtainable under it. On the record before us we cannot say that if all conflicting inferences were resolved in favor of plaintiff at a trial he would nevertheless be precluded from recovery as a matter of law.

We do not intimate that plaintiff must prevail at a trial on the merits. It may even be that his claim will not survive the tests to which it may be subjected by proper procedures in advance of trial. But we are clear in our view that the course followed did not meet the requirements prescribed for summary judgment procedure, and that the motion to dismiss should have been overruled.

Reversed.