John C. HALL, Appellant,

v.

FIELD ENTERPRISES, Inc., a corporation, and Thomas J. Jackson, Appellees.
No. 1636.

Municipal Court of Appeals for the District of Columbia.

Argued May 23, 1955.

Decided June 16, 1955.

Barrington D. Parker, Washington, D. C., with whom George A. Parker, Washington, D. C., was on the brief, for appellant.

Jeff Busby, Washington, D. C., with whom Jeff Busby, Jr., Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiff appeals from judgment on directed verdicts for both defendants in an action for damages for malicious abuse of process on the part of defendants in obtaining judgment by default against him and in executing thereon by means of attachment and condemnation of his wages.

This case was before us previously on plaintiff's appeal from an order dismissing his complaint.[1] We reversed and remanded the case for further proceedings without passing on the merits. The case was then tried before a jury and at the conclusion of all the testimony the court directed verdicts in favor of each defendant.

Defendant corporation filed suit against plaintiff and his wife, Lula Hall, by its attorney, defendant Thomas J. Jackson, on May 7, 1951, upon an account stated for the balance of the purchase price of an encyclopedia which plaintiff's wife had contracted to buy. Lula Hall testified that plaintiff had not been a party to the transaction in which she contracted to buy the encyclopedia and plaintiff testified that he had had no knowledge of the transaction or knowledge of defendant corporation's suit against him until his wages had been attached. Service was obtained on plaintiff and his wife by the Marshal leaving with the latter the suit papers at the plaintiff's home on May 28, 1951. Lula Hall testified that she did not call her husband's attention to the suit papers. Neither plaintiff nor his wife responded to the summons and judgment by default in favor of defendant corporation was entered on June 22, 1951. Defendants obtained a writ of garnishment

1. Hall v. Field Enterprises, Inc., D.C.Mun. App., 94 A.2d 479.

which was served on plaintiff's employer who answered on September 21, 1951, that it held credits of wages owed plaintiff in the amount of $108.03. The attached wages were condemned by judgment of the court on October 3, 1951.

·Eleven months after judgment had been taken against him by default and more than seven months after his wages had been garnished and condemned, plaintiff moved to vacate the default judgment and also filed the present suit for abuse of the process of the court. The motion to vacate the default judgment was overruled on the ground that there was no showing that the judgment had not been validly obtained and because of the dilatory conduct of plaintiff in waiting so long to defend his interests.

The complaint, as amended, alleged in substance that the defendants wrongfully and maliciously abused the process of the court in bringing suit against plaintiff, well knowing that he was not a party to a contract with defendant corporation and was not indebted to it, and by falsely and fraudulently representing to the court that he was so indebted and thereby obtaining a judgment against him and attaching his wages.

■ Plaintiff's complaint is couched in terms of "abuse of process" and we first look at the case in that light. An abuse of process, or malicious abuse of process, is its willful or malicious use to obtain a result which the process was not intended by law to effect.[2] When the case was here before we said "the right to charge an abuse of process arises when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which com-

pels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do."[3] In Geier v. Jordan, D.C.Mun.App., 107 A.2d 440, 441, we cited with approval language holding that: "'A regular and legitimate use of process, though with an ulterior motive or bad intention is not a malicious abuse of process,'" and that "'to sustain the action two elements are essential, (1) the existence of an ulterior motive, and (2) *an act* in the use of process other than such as would be proper in the regular prosecution of the charge.'"

■ In the case now before us it is clear that the plaintiff was properly summoned before the court to answer for a debt contracted by his wife; that he failed to respond to the summons; that he allowed judgment to go against him by default; and that the defendants obtained execution on his wages.

There is nothing in the testimony or in the record before us to indicate any perversion or misapplication of the process of the court in the suit against the plaintiff. The process used against the plaintiff was used for its legally intended purpose: to obtain a judgment against the plaintiff and to obtain satisfaction of that judgment by garnishment of credits of the plaintiff in the hands of his employer.

■ If plaintiff's claim be considered as one for malicious use of process it must also fail, as he did not prevail in the initial action.[4]

It follows that the judgment appealed from must be

Affirmed.

2. 72 C.J.S., Process, § 119 a.

3. Hall v. Field Enterprises, Inc., supra [94 A.2d 481], Note 1.

4. 72 C.J.S., Process, § 120 c.