HAVERFIELD, Judge.
I am compelled to dissent. The elements of an action for abuse of process are (1) the defendant made an illegal, improper, perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process; (3) the plaintiff sustained damage as a result thereof. See 1 Am.Jur.2d Abuse of Process § 4 (1962); Cline v. Flagler Sales Corp., 207 So.2d 709 (Fla.3d DCA 1968). The gist of the action is grounded in the misuse of process, justified in itself, for an end other than that which it was designated to accomplish. Prosser on Torts, 3rd Ed., Misuse of Legal Procedure § 115 (1964); See also Tranchina v. Arcinas, 78 Cal.App.2d 522, 178 P.2d 65, 67 (Cal.App.1st 1947) and authorities cited therein. Further, the appellate process is one for the abuse of which an action will lie. Tellefsen v. Key System Transit Lines, 198 Cal.App.2d 611, 17 Cal.Rptr. 919 (Cal.App.1st 1961) and 1 Am.Jur.2d, Abuse’ of Process § 9 (1962) and Cf. W. Fla. Groc. Co., et a 1. v. Teutonia Fire Ins. Co., 74 Fla. 220, 229, 77 So. 209, 212 (1917).
Reviewing the facts giving rise to the present action, it was judicially determined by this court that the appeal of the appellants in the original partition suit from a consent judgment was improper. See Baya v. Revitz, 281 So.2d 521 (Fla.3d DCA 1973), cert. denied 291 So.2d 203 (Fla.1974); See also White v. Walker, 5 Fla. 478 (1854). The transcript of testimony in the present abuse of process action reveals that appellant George Baya testified that he would have been placed in an unfavorable income tax bracket if he received the money pursuant to the 1972 consent judgment during that year.[1] Delaying the receipt of money pursuant to a consent judgment so as to avoid the tax consequences resulting therefrom clearly is an end other than which an appeal is designated to accomplish. There being no dispute that plaintiff-appellee was damaged by the prosecution of the appeal in Baya v. Revitz, supra, a prima facie case was proven by plaintiff-appellee and, therefore, I would affirm the judgment entered pursuant to the jury’s verdict in his favor.

. Upon the entry of the consent judgment, the monies were tendered; but rejected by defendant-appellant, who appealed the judgment.